TRADERS' INS. CO. v. The MANISTEE. See Case No. 9,027.

TRADERS' NAT. BANK (CAMPBELL v.). See Case No. 2,370.

TRADERS' NAT. BANK (SHERMAN v.). See Case No. 12,770.

TRADESMENS' NAT. BANK (HOTCHKISS v.). See Case No. 6,719.

## Case No. 14,133.

### Ex parte TRAFTON.

### In re TRAFTON.

[2 Lowell, 505; [1] 14 N. B. R. 507.]

*District Court, D. Massachusetts. Nov. 2, 1876.*

BANKRUPTCY—COMPOSITION—CREDITORS—MISTAKE —UNLIQUIDATED CLAIM.

1. The word "creditors," in the section of the bankrupt act relating to composition. means all whose debts are provable in bankruptcy.

[Cited in Re Shafer, Case No. 12,695.]

[Cited in Mudge v. Wilmot, 124 Mass. 496. Cited in brief in Scott v. Olmstead, 52 Vt. 212.]

2. A mistake. without fraud, made by the debtor in his statement of the amount due to a creditor will not vitiate a composition.

[Cited in Hewes v. Rand, 129 Mass. 523.]

3. The true amount of a disputed claim may be proved by the creditor.

4. The court may provide for an unliquidated claim in composition cases, as if the case were in bankruptcy, by permitting the prosecution of a pending action in the state court. or by ordering an inquiry in the matter at the bar of the court of bankruptcy.

[Cited in brief in First Nat. Bank of St. Albans v. Wood, 53 Vt. 494.]

The bankrupt, having offered a composition of twenty per cent to his creditors, now informs the court by petition that Charles F. Roberts claims a considerable sum as due to him, which the bankrupt wholly denies. He has placed the name and residence of Roberts on his list, but with a statement that he disputes the whole claim. An action is pending between the parties in one of the state courts upon this alleged debt; and the prayer is, that the bankrupt may have thirty days after the determination of that action in which to tender twenty per cent of the amount therein ascertained to be due to Roberts, if any thing; or that Roberts be required to come into this court and prove his claim, or for other relief.

G. R. Fowler, for bankrupt.

B. D. Washburn, for creditor.

LOWELL, District Judge. The composition act says that any bankrupt may propose

[1] [Reported by Hon. John Lowell. LL. D., District Judge, and here reprinted by permission.]

a composition to his creditors, and that he must state their names, residences, and the amounts due them, and that the composition, if duly accepted, shall be binding on all the creditors whose names and addresses, and the amounts due them, shall be stated, and shall not affect or prejudice the rights of any other creditors. Creditors here plainly means all who have debts provable in bankruptcy; and there is express provision that in bankruptcy, unliquidated demands, and those which are disputed, may be proved after being liquidated or ascertained either in the courts of bankruptcy or in the state courts; and, if in the latter, no execution shall issue on the judgment until the question of the discharge of the bankrupt is decided. The provisions for composition seem to take for granted that a debtor will be able to state the amount due to each creditor; but this is impossible in a case like that now before me, and the question is, whether disputed claims are to share in a composition. I say that this is the question, because it is impossible to admit that if the debtor does all he can, by putting down the name and residence of the person who alleges himself a creditor, it shall be optional with the latter to come in or not, as he chooses. No doubt, this is his privilege, if his name is omitted altogether, because the debtor cannot object to any creditors sharing with the others; but this option arises out of the default of the debtor in omitting the name. When he has made no omission, the debt is either provable or not provable, and, if provable, there seems to be ample power given to the court to enforce the composition and to arrive at the amount due.

My opinion is, that if any thing is due on a disputed claim, it is provable. If it be not so, no debtor whose liabilities are unliquidated to any important extent can make a composition. The law says that the amount shall be stated. But suppose that without fraud there is a mistake in the amount given. Does this vitiate the composition? I think not. The creditor has a right to come in and prove the true amount, and, if he fails to do so, it will be for the state courts to say whether he is bound by the composition; but I do not see how they can draw any very sharp line, except at fraud. Under an insolvent debtors' law in England, it was held that the creditor might sue for the difference between the debt stated and that actually due. If this is so, then the amount is not so essential to the matter as the name and residence, giving the opportunity of correction; and the clear intent, that all creditors are to be treated alike, must somehow or other be worked out for both parties, whichever may, in the particular case, be the one who desires to have the law put in operation.

In the cases which have arisen heretofore this has been taken for granted, and counsel have agreed upon a mode of liquidation. In one case they prosecuted a pending action, and in another they agreed the facts and sub-

mitted the law to me. And it seems to me they were right. The law intends that the debtor's statement should be as accurate as he can fairly make it, but not, on the one hand, that a creditor should be bound by the statement, nor, on the other, that the debtor should be obliged, at his peril, to admit a debt to be due which he truly believes he does not owe; or that a creditor who has a dispute with his debtor should be put in the position, so much better or worse, as may happen, that he is not to be considered a creditor, and must take his chance against the future acquisitions of the bankrupt for the collection of his debt. This would open a door to all sorts of evils, which would result in the end in a virtual abrogation of this mode of settlement.

[The statute intends, I think, that the court should provide for an unliquidated debt of this kind, as if the proceedings were in bankruptcy.] [2] The bankrupt law shows how this may be done, either by permitting a pending action or suit to be prosecuted to judgment, in order to ascertain the amount, or by ordering an inquiry at the bar of the bankrupt court in the matter.

My order is that Roberts have leave to prosecute the action now pending against Trafton to judgment, in order to ascertain the amount due him; but that he take no execution on such judgment as he may obtain until the further order of this court. If he shall elect to discontinue that action, he may apply to this court to ascertain the amount due him. So ordered.