ENOCH R. MUDGE & others *vs.* HARVEY B. WILMOT.

Suffolk.   Nov. 22, 1877. — June 27, 1878.   COLT & LORD, JJ., absent.

An action on a claim, which would not be barred by a certificate of discharge under the bankrupt act, is not barred by a composition under the U. S. St. of June 22, 1874, § 17.

TORT. The declaration alleged that the defendant, in order to induce the plaintiffs to sell him goods on credit, falsely represented to them that he was then a man of large property and able to pay his debts; that his annual sales in his business were from $150,000 to $200,000; that he then had in his business a capital of $50,000, all his own; that the plaintiffs, believing these representations to be true, were induced to sell and did sell the defendant goods to the amount of $3024.94 on a credit of sixty days; and that all of these representations were untrue to the knowledge of the defendant.

The answer denied that the defendant made the representations alleged in the declaration; and averred that on September 23, 1876, the defendant entered into a composition in bankruptcy with his creditors under the U. S. St. of June 22, 1874, § 17; that he duly tendered to the plaintiffs the amount of their claim at the composition agreed upon by his creditors, which they declined to accept; and that by virtue of the resolution of composition he was discharged from his indebtedness to the plaintiffs.

At the trial in the Superior Court, before *Gardner,* J., without a jury, it appeared that the plaintiffs sold the goods to the defendant about June 30, 1876, on sixty days' credit. And the

plaintiffs offered evidence tending to show that, at the time of the sale, the defendant made substantially the representations alleged in the declaration ; and that these representations were false.

The defendant then proved that on September 9, 1876, he filed a petition in bankruptcy in the District Court of the United States for this district, but was not adjudicated a bankrupt; that upon his petition thereafter for a meeting of his creditors to consider the offer of a composition for the payment of forty-five cents on the dollar of all claims against him provable in bankruptcy, except such as were entitled, under the bankrupt law, to be paid in full, a meeting was called under the direction of the court, and had before a register ; that the defendant was present, and then and there produced schedules of all of his assets and debts, and of all persons having claims against him, including the names of the plaintiffs, their address, and the amount due to them, correctly ; that his creditors at said meeting, by the requisite number and amount, voted and resolved to accept his offer, and it was duly confirmed in writing by the signature of the debtor and the requisite number and amount of his creditors to make it operative, and at a meeting duly called the resolution was duly ordered by the court to be recorded ; that such order had not been vacated or annulled ; and that the defendant duly made offer and tender of the amount due to the plaintiffs, according to the resolution and order, but they refused to accept it, and took no part in any of the proceedings.

The plaintiffs did not contend that these proceedings were irregular, but only that the composition was no bar to this action, and their claim not discharged or affected thereby, because the goods were obtained under the circumstances hereinbefore stated.

The defendant requested the judge to rule that the composition operated as an accord and satisfaction of the claim in suit, and as a discharge of it, and was a bar to this action.   But the judge refused so to rule ; found the facts substantially as set forth in the declaration ; and assessed damages for the amount of the agreed price of the goods and interest.   The defendant alleged exceptions.

*J. B. Richardson*, for the defendant.

*M. Storey*, for the plaintiffs, was not called upon.

GRAY, C. J. By the U. S. St. of June 22, 1874, § 17, it is enacted that the provisions of a composition, accepted by a resolution of the requisite majority of the creditors of a bankrupt, and confirmed by the District Court of the United States, in pursuance of this section, " shall be binding on all the creditors whose names and addresses and the amounts of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors."

The bankrupt act provides that " no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy ; but the debt may be proved, and a dividend thereon shall be a payment on account of such debt." U. S. Rev. Sts. § 5117. U. S. St. March 2, 1867, § 33. A claim in tort for goods obtained by false and fraudulent representations is within this section. *Morse* v. *Hutchins*, 102 Mass. 439. *In re Devoe*, 1 Lowell, 251. *Turner* v. *Atwood*, *ante*, 411.

The question presented therefore is, whether an action on a debt, which would not be barred by a certificate of discharge under the bankrupt act, is barred by a composition under the act of 1874. We are of opinion that it is not, for the following reasons :

The statute of 1874 is declared to be an amendment and supplement of the bankrupt act ; and a composition under it is a substitute for the ordinary proceedings and discharge under that act, and takes effect, not merely by the voluntary assent of the parties, but from the action of the District Court of the United States, and binds alike those creditors who do and those who do not assent to it. *In re Becket*, 2 Woods, 173. *Guild* v. *Butler*, 122 Mass. 498.

The words of the statute, declaring that the provisions of a composition " shall be binding on all the creditors whose names and addresses and the amounts of the debts due to whom are shown in the statement of the debtor," must be construed in reference to the provisions of the bankrupt act. These words certainly do not include debts, though appearing on that statement,

which are not provable in bankruptcy. *Ex parte Trafton*, **2** Lowell, 505. *Pari ratione*, they affect the rights of creditors, whose debts are provable in bankruptcy, so far only as they would be affected by a certificate of discharge under the bankrupt act.

The statute prescribes that " every such composition shall, subject to priorities declared in said act, provide for a *pro ratâ* payment or satisfaction, in money, to the creditors of such debtor, in proportion to the amount of their unsecured debts, or their debts in respect to which any such security shall have been duly surrendered and given up." It does not allow any special compensation to be made to any creditor whose debt is of a class from which the debtor would not be discharged by ordinary proceedings in bankruptcy; and cannot be presumed to have been intended to cut off without compensation the right that such a creditor would retain against the bankrupt, notwithstanding a certificate of discharge.

The impression made upon our minds at the argument has not been removed by a consideration of the reasons assigned for a different view, in the cases, to which we have since been referred, in the Supreme Court of New Hampshire, and in the District Court of the United States for the District of New Jersey. *Wells* v. *Lamprey*, 58 N. H. . *In re Shafer*, 17 Bankr. Reg. 116. It may be added that there are decisions of the Chief Judge in Bankruptcy in England, and of Justices Davis, Brady and Ingalls in the Supreme Court of New York, in accord with our conclusion. *Ex parte Halford*, L. R. 19 Eq. 436. *Libbey* v. *Strasburger*, 14 Hun, 120.

The Superior Court therefore rightly refused to rule, as requested by the defendant, that the composition operated as an accord and satisfaction of the claim in suit, and as a discharge thereof, and as a bar to this action. *Exceptions overruled.*