THEODORUS B. WOOLSEY vs. JOSEPH J. HOGAN & others.

Suffolk. March 12, 13. — June 27, 1878. COLT & SOULE, JJ., absent.

A composition, under the U. S. St. of June 22, 1874, § 17, does not bind the holder of a promissory note, whose name and address, being known to the maker, are not included in the statement made by him to his creditors, if the holder takes no part in the proceedings.

CONTRACT on eight promissory notes made by the defendants and indorsed by the Washoe Tool Manufacturing Company, to which they were either indorsed or made payable. The first note, dated June 2, 1874, was for $782.65, payable three months after date; the second, dated June 5, 1874, was for $847.50, payable three months after date; the third, dated May 6, 1874, was for $768, payable four months after date; the fourth, dated May 8, 1874, was for $957, payable four months after date; the fifth, dated June 11, 1874, was for $698.50, payable three months after date; the sixth, dated June 13, 1874, was for $1427.20, payable three months after date; the seventh, dated July 21, 1874, was for $1560, payable seventy days after date; and the eighth, dated July 22, 1874, was for $400, payable three months after date. Answer, a composition under the U. S. St. of June 22, 1874, § 17.

At the trial in the Superior Court, before *Wilkinson*, J., without a jury, the plaintiff put the notes in evidence, and proved that he purchased them all before maturity.

The defendants then offered in evidence the records of the District Court of the United States for the District of Massachusetts, showing that proceedings in bankruptcy were commenced against them on November 23, 1874; that the order of notice to show cause was issued on December 3, 1874; that on December 10, a list of creditors, liabilities and assets was filed; that on December 15, an order for a composition meeting was passed; that the resolution of composition was passed by the creditors on December 29, and was confirmed by the District Court and ordered to be recorded on January 16, 1875; and that upon the statement, filed by the defendants at the first meeting, in accordance with the U. S. St. of June 22,

1874, § 17, the notes in question were described, if at all, as follows :

" Unsecured liabilities.

" Washoe Tool Manufacturing Company, N. Y. Note due, —

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | Sept. | 2–5 | $782.65 |
| " | " | " | " | " | " | 5–8 | 847.50 |
| " | " | " | " | " | " | 6–9 | 768.00 |
| " | " | " | " | " | " | 8–11 | 957.00 |
| " | " | " | " | " | " | 11–14 | 698.50 |
| " | " | " | " | " | " | 13–16 | 1427.20 |
| " | " | " | " | " | Oct. | 22–25 | 400.00 |
| " Owner unknown. | Note to our own order, due | | | | Oct. 2, | | 1560.00 " |

Neither the name nor the address of the plaintiff appeared in the statement, as owner or holder of the notes, or otherwise. ,

The plaintiff offered to prove that the defendants, at the time of filing their statement at such meeting, were not ignorant of the holders of the notes, but knew that the plaintiff was the holder thereof ; that the plaintiff was the last person known to the defendants to be the holder of the notes ; that the defendants knew the notes had been sold and transferred by proper indorsements by the party to which they gave them ; and that the defendants knew other particulars concerning the notes, not contained in the statement.

The judge excluded the evidence ; and ruled that the provisions of the composition were binding on the plaintiff, and could not be impeached in this proceeding ; that this action could not be maintained on the facts proved and offered to be proved by the plaintiff ; and found for the defendants. The plaintiff alleged exceptions.

*G. W. Estabrook*, for the plaintiff.

*E. Avery & H. M. Rogers*, for the defendants.

GRAY, C. J.  A composition under the U. S. St. of June 22, 1874, § 17, is declared to be " binding on all the creditors whose names and addresses and the amounts of the debts due to whom are shown in the statement of the debtor," but not to " affect or prejudice the rights of any other creditors." The statute further provides that, " where a debt arises on a bill of exchange or promissory note, if the debtor shall be ignorant of the holder of any such bill of exchange or promissory note, he shall be required to state the amount of such bill or note, the date on which

it falls due, the name of the acceptor and of the person to whom it is payable, and any other particulars within his knowledge respecting the same ; and the insertion of such particulars shall be deemed a sufficient description by the debtor in respect to such debt. Any mistake made inadvertently by a debtor in the statement of his debts may be corrected upon reasonable notice, and with the consent of a general meeting of his creditors."

No provision is made for an investigation or revision, by the District Court of the United States, of the accuracy of the debtor's statement of debts, before it is confirmed and ordered to be recorded; but the effect of the composition is expressly limited to those creditors whose names and addresses, as well as the amount of whose debts, is stated by the debtor as the statute requires.

In the present case, the amounts of the debts in question may be taken to have been sufficiently shown by stating the principal sums of the various notes, and the month and day of the month on which each fell due, which may be inferred to have been in the same year in which the statement was filed.

But the plaintiff's name and address were not shown by the statement, and he took no part in the proceedings ; and if, as he offered to prove, he was the holder of the notes, and was known to be such by the debtors when they made the statement, then, by the express terms of the statute, he was not bound by the composition, and was entitled to maintain this action. *Ex parte Paper Staining Co.* L. R. 8 Ch. 595. *Ex parte Mathewes*, L. R. 10 Ch. 304. *Melhado* v. *Watson*, 2 C. P. D. 281. *Wilson* v. *Breslauer*, 2 C. P. D. 314. *Ex parte Lang*, 5 Ch. D. 971. *Pratt* v. *Chase*, 122 Mass. 262.     *Exceptions sustained.*