DAVID D. HEWES *vs.* ASA P. RAND.

Hampden. Sept. 29. — Oct. 25, 1880. COLT & MORTON, JJ., absent.

A composition in bankruptcy, under the U. S. St. of June 22, 1874, § 17, does not bind a creditor, whose debt is stated at less than its true amount in the statement of the debtor, if the creditor does not join in the resolution of composition, or accept any money under it, and objects to its being recorded.

Land was leased by a trustee, and the lessee covenanted with him to pay rent and taxes. The trustee directed the lessee to pay the rent to the *cestui que trust*. The lessee subsequently went into bankruptcy, and entered into a composition with his creditors under the U. S. St. of June 22, 1874, § 17. His schedule of debts stated the amount due for rent, and the name and address of the *cestui que trust*, but not the amount due for taxes, nor the name and address of the trustee. Neither the trustee nor the *cestui que trust* took any part in the proceedings for composition. *Held*, in an action by the trustee for the rent and taxes due at the time of the bankruptcy, that the composition was not a bar.

CONTRACT upon an account annexed for work and materials. Writ dated December 7, 1875. Answer, a general denial, with a suggestion of the bankruptcy of the defendant. At October term 1879, the defendant was allowed to file a supplemental answer, setting up a composition in bankruptcy. The case had been referred to an auditor, who found that there was due

the plaintiff $1030.60, with interest from the date of the writ, $204.12, and that there was due the defendant, upon a declaration in set-off, the sum of $252.29, leaving a balance due the plaintiff of $981.93.

At the trial in the Superior Court, before *Pitman*, J., without a jury, the plaintiff put in evidence the auditor's report. The defendant introduced the record of the District Court of the United States for the District of Massachusetts, by which it appeared that, after the bringing of the plaintiff's action, he was adjudged a bankrupt upon a petition filed May 4, 1876 ; that an assignee was appointed, and that subsequently, at a meeting duly held, to see whether the defendant's creditors would accept the terms of a resolution of composition of ten per cent in settlement of their unsecured claims, a statement, purporting to show the whole of his assets and debts, and the names and addresses of the creditors, was produced by the defendant, in which the debt due the plaintiff was stated as follows: " D. D. Hewes, amount $750, notes and unsettled account." Afterward, upon due notice to all the creditors, a hearing was had before the District Court, to inquire whether said resolution had been passed in the manner directed by the statute, at which the plaintiff appeared and objected to the recording of the resolution, and filed the following specification among others : " Because said bankrupt did not, nor did any one in his behalf, at the meeting of said creditors called for the purpose of passing said resolution, produce to said meeting a statement showing the whole of his assets and debts, and the names and addresses of the creditors to whom said debts respectively are due." Thereupon the matter was referred to the register to take testimony, and testimony was taken, but none was offered bearing upon said specification ; but, in that particular, the case was left upon the record evidence previously returned to the court by the register, and upon that evidence and the testimony so taken the resolution was approved by the court, and adjudged to be for the best interest of all concerned, and ordered to be recorded ; and the statement of assets and debts was ordered to be filed. It further appeared that the amounts due the several creditors of the defendant, according to his statement filed, and according to the terms of the composition, were duly paid or tendered to

them, and those which were tendered and not accepted were deposited with the register in bankruptcy. Upon representation of these facts to the District Court, the bankruptcy case was ordered dismissed, and the property in the hands of the assignee returned to the defendant. It also appeared that the plaintiff was tendered the sum of $76.25, which he declined to receive, on the ground that it was not ten per cent of his debt.

The plaintiff contended that, because in the statement of the debtor the amount of the plaintiff's debt was stated at less than the true amount due at that time, the composition was not binding upon him. The defendant contended that, although the amount was not stated with perfect accuracy according to the subsequent finding of the auditor, it was sufficiently stated to make the composition binding upon the plaintiff; that, making proper allowance for interest, the discrepancy was only $27.81, and that an accidental error of that amount in the statement of a claim like the plaintiff's would not defeat the composition; that the plaintiff's remedy for such an inaccuracy was in the bankruptcy court, and not upon a trial in this court. He also contended that the plaintiff, having appeared and objected to the approval and record of the resolution of composition, and having by the specification expressly put in issue the question whether the whole of the debtor's assets and debts, and the names of and addresses of all the creditors to whom such debts were due, were given in the statement presented by the debtor, was bound by the adjudication thereon, and was estopped from objecting to the composition on that ground. No evidence was offered to explain or account for the difference between the debt entered by the defendant on his statement and the real debt.

The judge, having found as a fact, upon the foregoing evidence, that the debtor did not present a true and correct statement of his debt to the plaintiff in his statement, and did not tender ten per cent of his real debt, ruled as matter of law, and without considering or attempting to determine by way of inference from the foregoing facts whether or not the misstatement as to the plaintiff's claim arose from mistake, misapprehension or otherwise, that the composition proceedings were not a bar to this action; ordered judgment for the plaintiff on the auditor's report; and reported the case for the determination of this court.

If there was no error, judgment was to be entered for the plain-tiff; otherwise, a new trial to be ordered.

*M. P. Knowlton*, for the defendant.

*M. B. Whitney*, (*J. R. Dunbar* with him,) for the plaintiff.

GRAY, C. J. By the act of Congress of June 22, 1874, § 17, it is enacted that the provisions of a composition in bankruptcy, accepted by resolution of the requisite majority of the cred-itors, " shall be binding on all the creditors whose names and addresses and the amounts of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors." A creditor, whose name, or the amount of whose debt, is not shown in the statement of the debtor, is not bound by the composition. If his debt is stated at less than its true amount, the composition is no more binding on him than if he is not named in the statement at all. In either case, he would not obtain under the composi-tion a like proportion of his actual debt with the other cred-itors, and may sue upon his debt, as if no proceedings of compo-sition had been had. *Pratt* v. *Chase*, 122 Mass. 262. *Woolsey* v. *Hogan*, 124 Mass. 497. *Ex-parte Lang*, 5 Ch. D. 971. *Bres-lauer* v. *Brown*, 3 App. Cas. 672. *Burliner* v. *Royle*, 5 C. P. D. 354.

The powers conferred by the statute upon the District Court of the United States are: 1st. To " inquire whether such reso-lution has been passed in the manner directed by this section," and whether " it is for the best interest of all concerned," and, if so, to order the resolution to be recorded, and the statement of assets and debts to be filed. 2d. To enforce " the provisions of any composition, made in pursuance of this section," in a summary manner. 3d. If it shall at any time appear that the composition " cannot, in consequence of legal difficulties, or for any sufficient cause, proceed without injustice or undue delay to the creditors or to the debtor," to refuse to accept and confirm the composition, or to set it aside. That court may doubtless inquire (as it appears to have done in this case) whether the debtor has filed a statement of assets and debts. And if the debtor, pending the proceedings for a composition, discovers a mistake in his statement, the statute provides that "any mistake

made inadvertently by a debtor in the statement of his debts may be corrected upon reasonable notice, and with the consent of a general meeting of his creditors." But if the statement of the debtor, as originally filed, or as thus amended, does not truly state the debt of a particular creditor, no action of the court in bankruptcy can give the composition an effect against him which the act of Congress expressly declares that it shall not have.

The only decision cited by the defendant which supports his position is one of the City Court of Brooklyn. *Beebee* v. *Pyle*, 1 Abbott N. C. 412. In *Becket's case*, 2 Woods, 173, no question of the effect of a mistake in the statement of a debt was presented or considered. In *Paret* v. *Ticknor*, 4 Dill. 111, the decision was that the debtor's statement that a particular debt upon his schedule was fully secured was not binding upon the creditor, but that the latter was entitled under the composition to the same proportion as the other creditors of so much of his debt as the security did not satisfy. In *Farwell* v. *Raddin*, *ante*, 7, the error alleged was not a mistake in the amount of the plaintiff's debt, but a fraudulent suppression of assets, which would affect all creditors alike, and as to which the act of Congress makes no specific provision.

In *Ex parte Trafton*, 2 Lowell, 505, the point decided was that a debtor might dispute the validity and amount of a claim entered upon his statement, and have the true amount ascertained under the direction of the court in bankruptcy, and satisfy the claim by paying to the creditor the proportion, stipulated by the composition, of the amount so ascertained. That decision appears to be inconsistent with the later judgments of the Court of Appeal in *Melhado* v. *Watson*, 2 C. P. D. 281, and of the House of Lords in *Breslauer* v. *Brown*, 3 App. Cas. 672. And Judge Lowell, while intimating an opinion that a mistake, without fraud, in the statement of a particular debt, would not vitiate the composition, guardedly added that, if the creditor failed to come in and prove the true amount, it would be for the State courts to say whether he was bound by the composition.

In the case at bar, the actual amount of the plaintiff's debt, without interest, and deducting the defendant's claim in set-off,

is found to have been more by $27.81 than the amount as stated by the debtor; and the plaintiff, not appearing to have joined in the resolution for a composition, nor to have accepted any money under it, but having objected to its being recorded, is not bound by it. *Ex parte Lang,* and other cases before cited. It was therefore rightly ruled in the Superior Court that there must be　　　　　　　　　　　　*Judgment for the plaintiff.* *

---

* A similar decision was made in Suffolk, November 26, 1880, in the case of

WILLIAM MACMAHON, trustee, *vs.* DAVID H. JACOBS.

CONTRACT to recover $125 for rent and $225 for taxes under an indenture of lease, by which the plaintiff, "trustee for Mrs. Mary S. Israel," leased to David H. Jacobs and Henry A. Holbrook a house and land in Boston for twenty years from March 15, 1873, and they covenanted to pay him rent and taxes. The defendant Jacobs alone appeared and answered, setting up a composition in bankruptcy under the act of Congress of June 22, 1874, § 17.

At the trial in the Superior Court, before *Pitman,* J., without a jury, the following facts were admitted: The plaintiff was the son-in-law of and trustee for Mary S. Israel, who lived at Portsmouth in the State of New Hampshire and as such trustee held the title of the estate, and made the lease, and she assented to the lease by this writing thereon: "Boston, March 15, 1873. I, Mary S. Israel, named in the foregoing lease, hereby assent to and ratify and confirm the said lease, and bind myself and my heirs, appointees by will, and assigns, thereto. Mary S. Israel." On December 12, 1874, the plaintiff, by a written order addressed to the defendants, requested them to pay the rent to become due "to Mary S. Israel until further order from me, and her receipts to you for all rents of said house and estate shall be your discharge and acquittance of all the same, the same as if signed by me." The defendants afterwards paid rents as they became due to Mary S. Israel, taking her receipts therefor.

On April 17, 1878, the date of the filing of the defendant's petition in bankruptcy, the sums sued for were due under the lease and unpaid; and the defendants owed no other sum to the plaintiff or to Mary S. Israel. The proceedings in bankruptcy and in composition were in regular form. On the defendant's schedule of debts, the plaintiff's name did not appear, but the following entry was made under proper headings: "Mary S. Israel, Portsmouth, N. H. $125." She received notice of the issuing of the warrant in bankruptcy, containing a list of the defendant's creditors, their addresses and the amount due to each, stated as aforesaid, and also containing a notice of the first meeting of creditors; and sent the notice to the plaintiff at his residence in Boston; but he, being away, did not receive it until after the first meeting. Neither he nor she took any part in the proceedings in

---

bankruptcy or in composition, nor took any dividend under the composition; but a tender was made of the dividend on $125.

The defendant requested the judge to rule that Mary S. Israel was the plaintiff's *cestui que trust* and agent, and a party, by way of ratification, to the lease; that, if the plaintiff had actual notice of the proceedings in bankruptcy, saw the notice sent to her, and understood that the debt stated in the schedule or notice was intended to mean the debt now sued for, the composition was a bar; and that her name and address and the amount due to her were, so far as this action was concerned, the name and address of, and the amount due to, the plaintiff, and were sufficiently stated in the notice and in the schedule produced at the meeting of creditors at which the resolution of composition was passed, and that he was bound thereby. But the judge refused so to rule, and found for the plaintiff; and the defendant alleged exceptions to the refusal so to rule.

*G. A. James & C. A. Prince*, for the defendant.

*J. B. Richardson & E. B. Hale*, for the plaintiff.

GRAY, C. J. The debt sued on was due to the plaintiff, not to his *cestui que trust*. He never authorized her to receive or discharge any part of the claim for taxes, nor to discharge any part of the rent without actual payment. Neither the sum due for taxes, nor the plaintiff's name and address, were upon the debtor's schedule. The plaintiff having taken no part in the proceedings, the composition in bankruptcy is no bar to this action. *Hewes v. Rand, supra*, and cases cited. *Exceptions overruled.*