ALANSON J. STONE, administrator, *vs.* NATHAN J. SIMONDS.

Worcester. October 4. — 20, 1881. LORD & ALLEN, JJ., absent.

A married woman, the holder of a promissory note, died in 1875. Her husband took out letters of administration on her estate in 1878. In 1876, an indorser of the note became bankrupt, and entered into a composition with his creditors under the U. S. St. of June 22, 1874, § 17. The schedule of liabilities filed by him gave the date and amount of the note, the place where made, the name of the maker and the time when due, and gave the husband's name as that of the holder, and did not give the name of the payee. The husband had no notice or knowledge of the proceedings in bankruptcy. The bankrupt sent to the person who usually acted as the husband's attorney a check for the amount due on the note under the composition, together with a form of a receipt in full for the claim on the note. The attorney reduced the check to money, did not sign the receipt sent, but signed the husband's name to a receipt on account of the note. The husband, when informed of this, refused to take the money, but did not direct its return. *Held,* in an action on the note, by the husband, as administrator of his wife's estate, against the indorser, that the plaintiff was

not the holder of the note in 1876; that the defendant had not complied with the provisions of the bankrupt act; that the plaintiff had not, as matter of law, waived his rights against the defendant; and that the action could be maintained.

In an action brought by an administrator, an objection to the validity of his letters of administration, not taken at the trial, is not open in this court upon exceptions.

CONTRACT upon a promissory note for $730, dated Boston, October 3, 1873, payable twelve months after date, to the order of John Parsons, Jr., signed by E. A. Eaton, and indorsed in blank, at the time of making, by John Parsons, Jr., and by the defendant. The writ, dated August 16, 1879, described the plaintiff as administrator of the estate of Jane P. Stone, late of Willimantic, Connecticut. At the trial in the Superior Court, without a jury, before *Brigham*, C. J., the following facts were proved or admitted:

The defendant set up in his answer, besides a general denial, a composition in bankruptcy with his creditors, including the plaintiff, under the U. S. St. of June 22, 1874, § 17, and payment of the amount of this composition to the plaintiff. The proceedings for the composition were in due form. The voluntary petition of the defendant was filed June 27, 1876, and the resolution of composition, duly confirmed by the signature of the debtor, and the requisite number and amount of his creditors, was recorded in the United States District Court at Boston, August 26, 1876. The resolution of composition was, that the debtor, within sixty days of the recording of the resolution, should pay to all creditors on his schedule two per cent of their respective claims. The plaintiff did not sign the resolution, and had no notice of the meeting. In the schedule, filed June 27, 1876, was the following description of the note in suit: " Name of holder, so far as known, Alanson Stone, residence unknown. Place where contracted, Boston, Mass. Amount, $730. Promissory note given by E. A. Eaton to said Stone, and indorsed by bankrupt. Date of note, Oct. 3, 1873, due Oct. 3–6, 1874."

On October 23, 1876, the defendant sent, by mail, to D. H. Merriam, Esq., of Fitchburg, the counsel for the plaintiff in this action, a cashier's check for the amount of the composition on the note now sued on, payable to the defendant, or order, and

by him indorsed to said Merriam. Accompanying this check was a form of receipt, prepared by the defendant for all his creditors to sign, which on its face purported to be a receipt in full of the claim upon the $730 note sued on, as a composition in bankruptcy of two per cent on said claim. It did not appear that any certificate of conformity with the order of composition of the bankrupt court has ever been filed by the defendant. Merriam retained the check and reduced it to money at the Fitchburg National Bank. He did not sign and return the receipt enclosed with it, but sent to the defendant a receipt, of which the following is a copy:

"$15.60. Fitchburg, Mass., Nov. 2, 1876. Received of N. J. Simonds, fifteen and $\frac{60}{100}$ dollars on acc't of note, dated Oct. 3, 1873, signed by E. A. Eaton and indorsed by N. J. Simonds and payable to John Parsons, Jr. or order.

"Alanson J. Stone,
By D. H. Merriam, Atty."

The note sued on was procured by Mr. Merriam, then counsel for Jane P. Stone, the plaintiff's intestate, now counsel for the plaintiff in this suit, and was by him delivered, at its inception, to Mrs. Stone, in the office of Eaton, the maker, in Boston, after being indorsed by the defendant for Eaton's accommodation.

In 1874 and 1875 the plaintiff lived in Willimantic, Connecticut. Before the note matured, he saw the defendant, who then proposed to compromise with his creditors for thirty-three cents on a dollar. There was no evidence, at the trial, as to the person who had possession of the note in suit at the time of Jane P. Stone's death, or at the time of the defendant's bankruptcy.

Mr. Merriam has been counsel for Alanson J. Stone, the plaintiff, at times, for twenty years, but has no general retainer. When Stone has had law business to do he has employed Mr. Merriam to do it, and paid him for his services.

Mrs. Stone procured Mr. Merriam to have the note duly protested at its maturity, and Mr. Merriam wrote the defendant about its payment prior to the decease of Mrs. Stone. She died at Willimantic, Connecticut, July 29, 1875, intestate. At the time of the filing of the bankrupt's petition, Stone lived in

Charlestown, Massachusetts, but the defendant did not know that fact, although he met Stone in Boston twice afterwards, but when or where did not appear.

The defendant, when he indorsed the note at its inception, knew that John Parsons, Jr. was the payee in said note, and knew where he then lived. Both Parsons and the defendant indorsed this note in blank at the time it was made, and Eaton delivered it to Mr. Merriam to settle some demand between Eaton and Mrs. Stone.

In 1876, when the petition was filed in the bankrupt court, the defendant had forgotten that Parsons's name was ever on the note in suit, and he never had any knowledge that the plaintiff had a wife, or that such a woman as Jane P. Stone had any existence. No evidence was offered to show that the defendant had not forgotten Parsons was payee of said note, or on it, or that he knew who was the holder of the note in June 1876, when his petition in bankruptcy was filed, or that he knew the plaintiff's name was Alanson J. Stone instead of Alanson.

In 1878 the plaintiff lived in Monson, Massachusetts, residing temporarily there with his daughter, and took out letters of administration on his deceased wife's estate, in Hampden County. She left, in addition to the note in suit, real estate in Lancaster, Massachusetts.

About two years after the composition, the plaintiff heard of the bankruptcy from Mr. Merriam, and then went to the court in Boston, and saw his name on the schedule, but did not communicate with the defendant. Mr. Merriam offered to pay him the money, but the plaintiff declined to receive it. He did not direct Mr. Merriam to return it to the defendant, and it never has been returned, nor offered, until during the trial. In 1879, the plaintiff came to Mr. Merriam, procured the writ in this action, and went with it to Woburn, and delivered it to an officer for service.

The service of the writ was the first information the defendant had that the plaintiff's claim was not settled by the composition, except by the receipt that Merriam sent to him as above stated. The defendant sent the composition to Merriam, because he had said note presented for protest, and wrote to

the defendant about its payment, at or about its maturity; and he supposed, in good faith, that Merriam was the plaintiff's attorney, and that Stone was the holder of the note in June 1876, when the schedule was filed in the bankruptcy proceedings. No claim was made that the composition was not sufficient in amount and in legal tender money. The defendant in 1873 resided in Woburn, Massachusetts, and has resided there ever since.

The defendant asked the judge to rule as follows: " That, under the circumstances of the case and the foregoing facts, the defendant, in making up his schedule of liabilities and assets in June 1876, had complied substantially with the requirements of the bankrupt law. 2. As the plaintiff's wife died in 1375, intestate, and no administration was taken out on the estate till 1878, that in June 1876, when the said schedule was filed in the bankrupt court, the plaintiff was the holder of the note in suit, within the meaning of the bankrupt law, and was properly so described. 3. That if there was any defect in the schedule, as made by the defendant, it was cured and waived by the payment of the composition to Mr. Merriam, in the manner described, and by its retention, with the plaintiff's knowledge, for more than a year after he knew Mr. Merriam had received it. 4. That upon the whole case the plaintiff was not entitled to recover."

The judge refused to rule as requested; but ruled that the defendant did not comply with the requirements of the bankrupt law in making up his schedule; that, in law, the plaintiff was not the holder of the note in suit in June 1876, when the said schedule was made; and, having found no waiver in fact, ruled that there had been no waiver in law of any defect in the schedule, and that the retention of the money, upon the facts, was not a ratification of the composition by the plaintiff. The judge accordingly ordered judgment for the plaintiff for the full amount of the note and interest. The defendant alleged exceptions.

*E. P. Loring*, for the defendant.

*D. H. Merriam*, for the plaintiff.

GRAY, C. J. A composition under the U. S. St. of June 22, 1874, § 17, deriving its effect from its confirmation by the court

of bankruptcy, does not indeed stand like a voluntary composition in pais, and is so far a proceeding in bankruptcy that, like a certificate of discharge, it does not release sureties, nor bar an action on a debt created by fraud of the bankrupt. *Guild* v. *Butler*, 122 Mass. 498. *Mudge* v. *Wilmot*, 124 Mass. 493, and 103 U. S. 217.

But as it differs from ordinary proceedings in bankruptcy in leaving the estate in the control of the bankrupt, instead of committing the administration of the estate to assignees or trustees appointed by the court, the act of Congress has made it an express condition to its taking effect against any creditor, that his name and address and the amount of his debt should be set forth in the preliminary statement of the debtor, as originally filed with the object of securing notice to all creditors, or as afterwards amended by leave of the court in bankruptcy upon like notice; and a creditor, whose name or the amount of whose debt is not truly stated in the debtor's schedule, is not affected or prejudiced by the composition, but may sue the debtor at law as if no proceedings for composition had been had. *Ex parte Paper Staining Co.* L. R. 8 Ch. 595. *Ex parte Lang*, 5 Ch. D. 971. *Breslauer* v. *Brown*, 3 App. Cas. 672. *Burliner* v. *Royle*, 5 C. P. D. 354. *Oppenheim* v. *Jackson*, 48 L. J. (N. S.) C. P. 441, and 49 L. J. (N. S.) C. P. 216. *Woolsey* v. *Hogan*, 124 Mass. 497. *Hewes* v. *Rand*, 129 Mass. 519. *MacMahon* v. *Jacobs*, 129 Mass. 524 note.

The only explanation or qualification of this in the act of Congress is as follows: " Where a debt arises on a bill of exchange or promissory note, if the debtor shall be ignorant of the holder of any such bill of exchange or promissory note, he shall be required to state the amount of such bill or note, the date on which it falls due, the name of the acceptor and of the person to whom it is payable, and any other particulars within his knowledge respecting the same; and the insertion of such particulars shall be deemed a sufficient description by the debtor in respect to such debt."

The note in suit was made by Eaton, payable to Parsons or order, and at the same time indorsed in blank by Parsons and by the defendant, and was delivered at its inception to Jane P. Stone, the plaintiff's wife, who died in 1875, and the plaintiff

took out letters of administration on her estate in 1878, and brings this action as her administrator. At the time of the filing of the defendant's schedule, in 1876, Mrs. Stone was dead, the plaintiff as her husband was entitled to administer on her estate, but no letters of administration had been taken out, and he had personally no title in the note.

The description of the holder of this note in the schedule, as " Alanson Stone, residence unknown," without anything to show that the note belonged to the estate of the wife, is not a sufficient description of the holder of the note to satisfy the general provision of the statute. If the case can be treated as one in which the defendant was "ignorant of the holder," within the meaning of the special provision as to promissory notes, the description is insufficient for want of a true statement of the name of the payee, as required by that provision. *Ex parte Mathewes*, L. R. 10 Ch. 304.

The plaintiff has done nothing to waive his rights against the defendant. There is no evidence that the attorney had any authority to do so; and that he intended no such waiver is shown by his having given a receipt for the money paid as on account of the note, instead of signing the form sent to him, which purported to be a receipt in full under the composition.

The objection made in argument to the validity of the plaintiff's letters of administration does not appear by the bill of exceptions to have been taken at the trial, and is therefore not open in this court.                *Exceptions overruled.*