The opinion of the Court was delivered by
Bermudez, C. J.
The plaintiff, as widow in community and as tutrix of her minor son, sues the defendants as a firm, and the members thereof in solido, as late partners, to recover a sum of money alleged to have been loaned the concern and used by it in its business.
The defenses are a denial of liability.
Offner pleads, that if the debt ever existed, it was extinguished by novation; that plaintiff has discharged him; that Navrahas bound himself to pay all the liabilities of the firm, and is alone responsible for the debt. He calls Navra in warranty.
Navra pleads, that he is a discharged bankrupt, and is exonerated from all responsibility, as well towards the plaintiff as against Offner.
There was judgment in favor of plaintiff against Offner and in favor of Navra in the main demand, and in favor of Offner against Navra in the call in warranty.
The judgment is brought up for review, only so far as it affects Offner and Navra, as the ifiaintiff and appellee has askedno amendment.
I.
There can be no difficulty in fixing a liability against Offner. The evidence shows, that the amount was received by Navra,'his partner, during the existence of the partnership, and that the plaintiff was recognized as a creditor for the-same'on the books of the firm. It also shows that, at the time of the dissolution of the partnership, the payment of all its liabilities, among which figured specially the debt due plaintiff, was assumed by Navra.
The burden then rested on the defendants to show a discharge from liability.
Offner says that Navra was plaintiff’s agent; that Navra had control of her claim; that Navra released and discharged him therefrom, by returning to him the note which Navra & Offner had issued to represent it; that he, Offner, received and destroyed it, and that Navra made his individual note and delivered it to plaintiff, who accepted it, in place of that destroyed.
Offner also sets up, that plaintiff waived all recourse against him, by proving up her debt in the bankruptcy of Navra, as a debt without security.
Navra says that he made, in bankruptcy, a composition with his creditors, to which plaintiff assented, and that the discharge which ■ he obtained in bankruptcy is likewise binding on Offner.
*1113 The evidence does not satisfy us that Mrs. Lisso ever authorized. Navra to novate the claim against Offner & Navra. Novation is one of tlie modes in which obligations can be extinguished. R. C. C..2130.
A special authorization to novate would have been necessary, R. C. C. 2997, and none was shown, whether oral or written. It is questionable whether the giving by Navra of his note to her, for the amount of the claim against the late firm, could constitute a novation which must be express, or surrounded by such circumstances that no doubt can be entertained touching the intention of the parties to change the character of the debt. R. C. C. 2190. Mrs. Lisso could have considered that the new note was nothing but an evidence of Navra’s acknowledged liability to her for the entirety of the claim. It is not so clear that as tutrix she could have authorized Navra to novate the interest of the minor son in the debt. It does not appear, however, that she has done so.
We see no force in the other defense*
Plaintiff’s claim could not be considered as a debt with security. It had never been secured by Navra, or even Offner, besides their responsibility as partners of the firm of Navra & Offner. Her conduct could not and did not deprive Offner of any of the rights which she might have had against Navra, had she not voted at the meeting. On payment to her of her claim, Offner will be fully subrogated to all her rights and entitled to enforce against Navra all the obligations which, he incurred by assuming specially all the liabilities of the firm, among which is embraced that presently sued upon by plaintiff.
II.
As the plaintiff and appellee has not prayed for an amendment of the judgment against her, and in favor of Navra, we have no authority to inquire into its correctness.
III.
Offner is entitled to recover from Navra the amount for which he is held liable to the plaintiff, as a partner of the late firm of Offner &■ Navra. The latter had assumed payment of it by special contract with Offner-. He has not discharged it and is responsible under the assumption.
The defense that the composition and discharge are binding on Offner cannot hold, as Offner was in no way made a party thereto, and not named in the proceedings for composition. -That was essentially necessary.
The law is formal, that the provisions of a composition shall be binding on the creditors, whose names and addresses, and the amounts *1114 duo them, are shown in the debtor’s statement, produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors. Ex parte Matthews, L. R. Ch. App. 307; Breslauer vs. Brown, 3 Appeal Cases, 672; 11 Rep. 412; 124 Mass. 497; 131 Mass. 457; 129 Mass. 519.
Finding no error in the judgment appealed from, it is affirmed, with costs.