NILS MITANDER, as Assignee, etc., Respondent, v. JONAS SONNEBORN and Others, Appellants.

*Composition in bankruptcy — who is to be named as the creditor in the bankrupt's statement — when he does not cease to be such by an assignment of his claim — a sealed assignment of a debt is a deed and may be acknowledged before a United States consul.*

This action was brought by the plaintiff in January, 1875, upon a debt due from the defendant to one Graf, a resident of Sweden, who had assigned the same to the plaintiff November 6th, 1874. In answer to a discharge by a composition made in January, 1877, in bankruptcy proceedings instituted against the

defendant November 12th, 1874, which discharge was set up by the defendant; the plaintiff showed that he was not named as a debtor in those proceedings, but that the debt was therein stated to be still owing to Graf. The defendant offered to prove that before the proceedings for the composition were taken the plaintiff admitted to him that Graf was still the real owner of the debt.

*Held,* that the court erred in excluding the evidence; that if Graf was absolutely entitled to any money which should be paid upon the debt, he was the creditor within the meaning of the bankrupt act, and that the composition made in pursuance thereof was a bar to the action.

An assignment of a debt under seal is a deed, and a United States consul may take the acknowledgment thereto.

APPEAL from a judgment in favor of the plaintiff, entered on the trial of this action by the court without a jury.

*A. J. Dittenhoefer* and *M. H. Regensberger,* for the appellants.

*J. C. Gray,* for the respondent.

DANIELS, J.:

The debt which has been recovered in the actions was owing from the defendant to William Graf, who resided in Sweden. An assignment of this debt to the plaintiff, executed on the 6th of November, 1874, was read in evidence on the trial. An exception was taken to the ruling under which it was received, for the reason that it had only been acknowledged before the United States consul. But as the assignment was under seal, it was a deed, and the consul could properly take the acknowledgment under the provisions of the statute allowing deeds to be acknowledged before such an officer.

By way of defense it was proved that proceedings in bankruptcy were instituted against the defendants on the 12th November, 1874, and that in January, 1877, a composition of the indebtedness owing by the bankrupts was made between them and their other creditors under the authority of chapter 390 of the Laws of Congress, 1874. The assignee of this debt was not named as a creditor in this proceeding, but the debt itself was made a part of them under the statement that it was still owing to Graf. This was held to be insufficient for the purpose of affecting the plaintiff as the assignee of the debt, for the reason that the action had been commenced against the defendant by the plaintiff, in January 1875, and consequently informed him of the fact of this assignment.

To obviate and remove this objection, evidence was offered by the defendant, as a witness in the case, of conversations between himself and the plaintiff before the proceedings for the composition were taken, in which the latter conceded to him that Graf was still the owner of the debt. This was proposed to be given by questions propounded in various forms to the witness, all of which were rejected upon the theory that the assignment had so changed the title to the demand as to render the plaintiff, and not Graf, the creditor of the defendants. This, as a general legal proposition, would be undoubtedly correct. (*Sheridan* v. *Mayor*, 68 N. Y., 30.) But nothing is contained in that decision preventing the debtor, whose legal protection may require that to be done, from showing, as a matter of fact, that the demand, notwithstanding the formal assignment of it, still continues for all substantial purposes to be the property of the assignor. The debtor is not a party to the assignment and not concluded by it as a written instrument; but for the purpose of maintaining any defenses legally accruing to him, may prove the fact that the demand still remains the property of the original creditor. The doctrine of *Blair* v. *Wait* (69 N. Y., 113) is sufficiently broad and extended as to allow such proof to be made. This was the theory upon which the defense was designed to be placed. It had been alleged in the answer that Graf was the real party in interest and the owner of the claim, and that the assignment had been made in his interest and for his benefit, and the proof which was offered would have been pertinent evidence to establish that fact, and if it had been proved, then it would become evident that Graf, and not the plaintiff, was still the defendant's creditor, and that would have brought his claim within the effect of the composition proceedings, for the law upon this subject has rendered them binding on all the creditors whose names and address, and the amount of whose debts are shown in the statement of the debtor produced at the meeting.

The evidence offered was designed to prove as a fact that Graf was absolutely entitled to the money which should be paid upon this indebtedness, and that proof, if sufficient, would have shown him to be the creditor within the terms of these provisions of the statute. (Sup. to U. S. R. S., 73, 74, § 17.) The act has not prescribed who shall be named as the creditor, but has left that depend-

ent upon the general considerations of the law, and under them the person who is entitled to receive the proceeds of the debt from the debtors must be regarded and held to be the creditor. If this evidence had been received, and the assignment had been shown by it to have been merely formal in its nature, and that, as a matter of fact, the debt still continued to be the property of Graf, then the composition proceedings would be binding, and consequently a legal defense in the action.

Neither the case of *In re Bechet* (12 Nat. Bk., Reg., 201), nor *Stone* v. *Simonds* (131 Mass., 457), contains anything conflicting with the propriety of this conclusion.

The evidence offered to prove this fact should have been received, and because that was not done, but it was rejected by the court, the judgment should be reversed and a new trial ordered, with costs to abide the event.

MACOMBER, J., concurred.

Present — DAVIS, P. J., DANIELS and MACOMBER, JJ.

Judgment reversed, new trial ordered, costs to abide event.