INTERNATIONAL TRUST COMPANY *vs.* SAMUEL A. MYERS & others.

Suffolk.   January 19, 1925. — April 16, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Bankruptcy*, Composition, Partnership.

A partner indorsing a note of the partnership individually is a party different from the partnership and thereby may incur a double liability arising from the two contracts, one by the partnership as maker and one by himself as indorser.

An involuntary petition in bankruptcy was filed by partnership creditors against two partners doing business under a firm name. The partnership filed schedules of partnership assets and partnership debts, which included a claim on certain partnership notes which were signed by the firm name, were payable to the firm, and were indorsed by the firm name and also by the individual partners. Each partner, in the schedules relating to individual assets and liabilities, made affidavit "that he has no individual debts and no individual assets except household furniture and wearing apparel to the value of $300 claimed to be exempt under Revised Laws of Massachusetts, Chapter 177, Section 24." There was no adjudication in bankruptcy. An offer in composition was filed and was confirmed by the court. No notice was given to individual creditors and they were not given an opportunity to be heard. Subsequently, the holder in due course of the notes sought by a bill in equity to establish the liability of one of the partners as an indorser and to reach and apply his interest in the partnership. *Held*, that

(1) The facts, that the offer of compromise was signed by the partners individually and that the confirmation by the court recited that it was in "the matter of," followed by the individual names of the partners, did not affect the partners' individual liability for their individual debts;

(2) The composition partook of the nature of a contract;

(3) The plaintiff, not having been recognized as an individual creditor in the bankruptcy proceedings, was a stranger to the offer in composition

and his debt was not discharged as to the liability of the individual partner as indorser;

(4) The plaintiff was entitled to maintain his bill.

BILL IN EQUITY, filed in the Superior Court on September 26, 1917, to establish the liability of the defendant Harry Myers upon ten promissory notes, each for $2,000, signed by "S. A. & H. Myers," payable to the partnership, and indorsed "S. A. & H. Myers," "S. A. Myers" and "Harry Myers," to reach and apply to the payment of such obligations the interest of Harry Myers in the business of himself and Samuel A. Myers carried on under the name and style S. A. & H. Myers.

In the Superior Court, the suit was heard by *Morton*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence is described in the opinion. The trial judge ruled as follows: "The defendants' claim is that the confirmation of the composition offer and the acceptance by the plaintiff of the dividend thereunder discharged the individual obligations of the defendants as indorsers. The question involved is a federal question, to be determined by federal law. In *Francis* v. *McNeal*, 228 U. S. 695, Mr. Justice Holmes, at page 701 states, 'that it would be an incongruity to grant a discharge from the debt considered as joint but to leave the same persons liable for it considered as several,' and holds in substance that if a partnership is in bankruptcy partners as individuals are also bankrupt. This decision in my opinion controls this case, unless as claimed the statement of the partners that they had no individual indebtedness estopped them from setting up such a claim. This statement does not in my opinion warrant the inference that the partners intended to have the bankruptcy proceedings only against the partnership and I accordingly rule that such a statement does not prevent them from taking advantage of the law as laid down in the case referred to."

By order of the judge, a final decree was entered dismissing the bill. The plaintiff appealed.

*J. R. Lazenby,* for the plaintiff.

*E. F. McClennen,* (*W. W. Johnson* with him,) for the defendants.

CARROLL, J.   This is an appeal from a final decree dismissing the plaintiff's bill to reach and apply the interest of Harry Myers in the partnership of S. A. & H. Myers to the payment of indebtedness arising out of ·his individual indorsement of a series of promissory notes.   The defendants carried on business under the name of S. A. & H. Myers. The partnership gave ten notes for $2,000 each, for money borrowed from the plaintiff; ten of the notes were indorsed by Samuel A. Myers and nine by Harry Myers.

On January 27, 1917, an involuntary petition in bankruptcy was filed in the District Court of the United States for the District of Massachusetts.   The petition alleged that "Samuel A. Myers & Harry Myers both of Brookline in the County of Norfolk, co-partners trading as S. A. & H. Myers, have for the greater portion of six months next preceding the date of filing this petition, had his principal place of business at Boston . . . and owes debts to the amount of $1000"; "that said Samuel A & Harry Myers are insolvent," and had committed an act of bankruptcy.   The prayer of the petition was: "Wherefore your petitioners pray that service of this petition, with a subpoena, may be made upon Samuel A & H. Myers, as provided . . . and that he may be adjudged by the court to be a bankrupt within the purview of said acts."

Schedules were sworn to and filed on February 10, 1917. The set filed is designated "Partnership Schedules." . The schedule sets out that "Samuel A. Myers of Boston and Harry Myers of Brookline respectfully represent: — That they, [are in the] Clothing business . . . have been partners under the firm name of S. A. & H. Myers having their principal place of business at Boston . . . for the greater portion of the six months next immediately preceding the filing of this petition; that the said partners owe debts which they are unable to pay in full."   They alleged that Schedule A contained "a full and true statement of all the debts of said partners"; that Schedule B contained "an accurate inventory of all the property . . . of said partners." The paragraph relating to Schedules "C" "D" "E" "F,"

in which were to be set out the individual debts and assets, · were stricken out, and each individual substituted the statement "that he has no individual debts and no individual assets except household furniture and wearing apparel to the value of $300. claimed to be exempt under Revised Laws of Massachusetts Chapter 177, Section 24." In Schedule "A" of the firm debts, the International Trust Company appears as a creditor for $20,000. But the trust company does not appear in any schedule as a creditor on account of the indorsements of each of the individuals.

On February 10, 1917, there was filed a petition for a meeting of creditors to consider an offer in composition of forty per cent upon all unsecured debts. This petition was "In the matter of Samuel A. Myers and Harry Myers" and was signed Samuel A. Myers and Harry Myers. On March 3, 1917, an offer in composition was filed, "In the matter of Samuel A. & Harry Myers." The offer was addressed to the court and "Respectfully represents Samuel A. Myers, of Boston in the County of Suffolk in said District, and Harry Myers, of Brookline in the County of Norfolk, and district aforesaid." This offer alleged among other things "that they have filed in Court a schedule of their property and a list of creditors to be filed by bankrupts; and that they now offer the following terms of composition before adjudication to creditors." On March 23, 1917, they applied for confirmation of the composition and alleged that they "had filed in court a schedule of their property and a list of their creditors, as required by law, they offered terms of composition to their creditors." On May 28, 1917, the composition was confirmed.

There was no adjudication of bankruptcy; the plaintiff proved the notes against the partnership for $20,000 and received the payment in composition. No payments were received on account of the individual indorsements on the notes. The indorsements on the notes by Samuel A. Myers and Harry Myers, created individual obligations, separate and distinct from the firm obligations. "A partner indorsing individually was a party different from the partnership and thereby might incur a double liability arising from the two

distinct contracts. . . . In this aspect and for this purpose the partnership may be treated as personified and as an entity separate from the individuals who compose it." *Fourth National Bank* v. *Mead*, 216 Mass. 521, 523, 524. See now the uniform partnership act, St. 1922, c. 486, §15: " . . . any partner may enter into a separate obligation to perform a partnership contract." The involuntary petition represented that the defendants, as copartners under the name of S. A. & H. Myers, were insolvent. It bore the indorsement "S A & H Myers Debtors." The schedule filed by the defendants set out partnership assets and partnership debts. The individual liability upon which the action is predicated was not mentioned in the schedules or the composition as approved by the court.

In our opinion it cannot be said that because the offer was signed Samuel A. Myers and Harry Myers, and the confirmation of the compromise concerned "the matter of Samuel A. Myers & Harry Myers," it therefore affected the partners' liability for their individual debts. Not only was the petition against the defendants as copartners "trading as S. A. & H. Myers" having the "principal place of business at Boston," but the only assets and debts listed in the schedule are those of the firm. They swore they had no individual debts or assets, the partnership schedules stating, that the debtors named in the "foregoing petition" make oath that the statements therein were true. The indorsement on the schedule reads "Debtors' Schedules Samuel A. Myers and Harry Myers as S. A. & H. Myers." The offer in composition incorporated the schedule of creditors, and it was to those creditors who were listed in the schedule, that is, the partnership creditors, to whom the offer was made. The defendants made no offer of compromise to individual creditors or to any creditors except those whose names were upon the schedule. The confirmation of the composition was based on the schedule of creditors filed.

A composition partakes of the nature of a contract. *Cumberland Glass Manuf. Co.* v. *De Witt & Co.* 237 U. S. 447, 453, citing *In re Lane*, 125 Fed. Rep. 772, 773. *Nassau*

*Smelting & Refining Works, Ltd.* v. *Brightwood Bronze Foundry Co.* 265 U. S. 269. *In re Adler,* 103 Fed. Rep. 444. "A law which compels a creditor, against his will, to accept in discharge of his debt just what the debtor sees fit to offer, should be strictly construed." *In re Rider,* 96 Fed. Rep. 808, 809, 810. See *In re Kinnane Co.* 221 Fed. Rep. 762, 766; *In re Goldstein,* 213 Fed. Rep. 115, 116. Under the bankruptcy act of 1874, it was decided by this court that "a creditor, whose name or the amount of whose debt is not truly stated in the debtor's schedule, is not affected or prejudiced by the composition." *Stone* v. *Simonds,* 131 Mass. 457, 462. See *Hewes* v. *Rand,* 129 Mass. 519; *Ex parte Trafton,* 2 Lowell, 505, 506. If the composition was in the nature of a contract the plaintiff was a party to it only to the extent in which its claim against the partnership was concerned; it was not recognized as an individual creditor; no offer was made to it as the holder of a claim against the individuals. In this respect it was a stranger to the offer; it stood as any other individual creditor whose demand was not listed, to whom no offer of compromise was made and who entered into no bargain with the defendants. See *Curlee Clothing Co.* v. *Hamm,* 160 Ark. 483.

Confirmation of the composition discharges the bankrupt from his debts. Bankruptcy Act, § 14c. *McClintic-Marshall Co.* v. *New Bedford,* 239 Mass. 216, 223, 224. In *Francis* v. *McNeal,* 228 U. S. 695, creditors filed a petition in bankruptcy against Francis and two others, alleging they were bankrupt individually and as a firm. Francis was found to be a partner. McNeal was the receiver and was appointed trustee; the firm was adjudicated bankrupt. McNeal brought a petition asking that the separate estate of Francis be turned over for administration in bankruptcy; his petition was granted. In the course of the opinion (page 701) it was said: "it would be a third incongruity to grant a discharge in such a case from the debt considered as joint but to leave the same persons liable for it considered as several." In that case there was an adjudication of bankruptcy and no question arose concerning the effect of a discharge upon the individual debts of Francis apart from his individual lia-

bility for the firm debts. In *Abbott* v. *Anderson*, 265 Ill. 285, the question was, Did the adjudication in bankruptcy of the insolvent partnership carry into bankruptcy the members of the partnership as individuals? It was held that the adjudication did have this effect, that the approval of the composition discharged the partners as well as the firm of the partnership's debts. In that case there was an adjudication of bankruptcy and the question of the discharge of the individual members for their individual debts apart from the firm debts was not involved. See in this connection *Liberty National Bank of Roanoke* v. *Bear*, 265 U. S. 365, 370; *Carter* v. *Whisler*, 275 Fed. Rep. 743.

It has also been held that the discharge of a partnership has no effect upon the individual liability of the partners. *Horner* v. *Hamner*, 249 Fed. Rep. 134. See *In re Sugar Valley Gin Co.* 292 Fed. Rep. 508, 509. Compare *McClintic-Marshall Co.* v. *New Bedford*, *supra*. It was said by Hough, J., in *In re Pincus*, 147 Fed. Rep. 621, 625, that "Individual discharges cannot be granted under an adjudication against the partnership only." See *Curlee Clothing Co.* v. *Hamm*, *supra; In re E. W. Adams & Co.* 283 Fed. Rep. 431, 433.

The question presented on this record is the liability of the defendant Harry Myers, not for the firm debts but for his own individual debts, there having been no adjudication in bankruptcy, the offer of compromise including the firm creditors only. Assuming that, when a partnership is adjudicated bankrupt, the members are brought into the proceeding and, if a discharge is granted, that the debts of the partners can no longer be enforced, it does not follow from this, in our opinion, that, if there is no adjudication of bankruptcy and the claims of all creditors of all classes are not before the court for adjustment and the individual creditors have no notice of the proceeding and no opportunity to be heard and the petition being brought by partnership creditors, a confirmation of an offer of compromise to the firm creditors alone will prevent the individual creditors from enforcing their demands against the defendant Harry Myers for his personal and individual debts. The confirmation of the compromise followed the pleadings in the case, it related

to partnership demands only; it did not discharge the defendant as an individual indorser.   See in this connection *United States* v. *Coxe*, 267 U. S. 408; *United States* v. *Kaufman*, 267 U. S. 408.   *In re Farley*, 115 Fed. Rep. 359.

The decree for the defendants must be reversed and a decree entered for the plaintiff.   The form of the decree is to be settled in the Superior Court.

*So ordered.*