# Case No. 1,210.

## In re BECKET.

[2 Woods, 173;[1] 12 N. B. R. 201; 7 Chi. Leg. News, 243.]

Circuit Court, D. Louisiana. Nov. Term, 1875.

BANKRUPTCY — COMPOSITION WITH CREDITORS — WHAT CLAIMS DISCHARGED THEREBY — DISCHARGE BY COURT.

1. Where a composition proposed by a bankrupt has been accepted by his creditors and approved by the court, the bankrupt is thereby discharged only from the claims of the creditors whose names, addresses and debts are placed on the statement produced at the meeting of creditors.

[Cited in Re Shafer, Case No. 12,695.]

2. In such a case, no discharge granted by the court is necessary or proper.

In bankruptcy. A creditor of the bankrupt applied to the circuit judge, during a vacancy in the office of district judge, for further time

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

to file specifications of his grounds of opposition to the discharge of the bankrupt. The application was resisted by solicitors for the bankrupt, on the ground that the bankrupt had proposed a composition to his creditors, which had been accepted at a meeting of the creditors and approved by the court, in compliance with the provisions of the act approved June 22, 1874, [§ 17, (18 Stat. 183.)]

Mr. J. Ward Gurley, for the motion.
Mr. Thomas P. Clinton, contra.

WOODS, Circuit Judge. This motion for further time to state grounds of objection to the bankrupt's discharge, as well as the application for the discharge itself, seems to be founded on a misconception of the effect of a composition under the act of June 22, 1874, [§ 17, (18 Stat. 183.)] When a proposition for composition has been made and accepted by a meeting of creditors and approved by the court, and the terms complied with by the debtor, he is discharged from the claims of all creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor, produced at the meeting of creditors at which the resolution accepting the composition was passed. No other discharge is necessary, for, in the language of the act, the "provisions of the composition shall be binding on such creditors." No general discharge can be granted, for the composition does not affect or prejudice the rights of other creditors. This settlement by composition of the affairs of a debtor, in whose case proceedings in bankruptcy have been commenced, does not contemplate a discharge under the act. The composition may be offered, accepted and approved, even without an adjudication in bankruptcy; for the act provides "that in all cases of bankruptcy now pending or to be hereafter pending by or against any person, whether an adjudication in bankruptcy shall have been had or not, the composition may be offered and accepted."

The act also provides that under certain circumstances "the court may refuse to accept or confirm such composition or may set the same aside, and in either case the debtor shall be proceeded with as a bankrupt in conformity with the provisions of law." These provisions of the law show that the composition is a substitute for the ordinary proceedings and discharge under the bankrupt act. The composition is a compromise of a debtor with his creditors, carried on under the regulations of law, and the supervision and sanction of the court. It absolutely discharges the debts of those creditors whose names, addresses and debts are placed on the statement produced at the meeting of creditors, and no other discharge is needed. The debts of those creditors whose names are not in the statement are not discharged, and the court would not be authorized to grant a discharge as to

them. These views are confirmed by the case Re Haskell, [Case No. 6,192,] decided by Judge Lowell, where it is held that the mere fact that the bankrupt, if opposed, would be unable to obtain his discharge, will not necessarily prevent the court from allowing a resolution of composition.

In my judgment, the application of the bankrupt for the discharge is unnecessary and improper, and the motion for time to state grounds in opposition to it is therefore ill advised and improper, and should be overruled.