In the Matter of the Assignment of Robert S. Orsor to Theodore Smith for the Benefit of Creditors.

[Special Term.]

(Decided June 4th, 1879.)

An assignee for the benefit of creditors who continues the business of the assignors at a loss, is chargeable with the full value of the assets originally received, and is to be allowed the expenses of getting them in, but nothing for his losses.

Where, after an assignment for benefit of creditors, a composition is entered into, creditors who refuse to join in the composition are entitled, on the final accounting of the assignee, only to the proportion they, in common with all the creditors, would have received of the assets had no composition been made.

APPLICATION to confirm the report of a referee upon the final accounting of an assignee under a general assignment for the benefit of creditors.

The accounting was ordered upon petition of Whitlock & Anderson, creditors of the assignor. The facts are stated in the opinion.

J. F. DALY, J.—A majority of the assignor's creditors (if not all excepting these petitioners), agreed to a composition of thirty cents on the dollar payable in notes of the assignor indorsed by the assignee, and consented to the assignee continuing the insolvent's business for the purpose of providing for the notes. Petitioners did not agree to this arrangement, and called the assignee to account for his dealings with the trust. The value of the goods and fixtures that came to his possession, and the debts collected by him amounted altogether to $910.44. He took this stock, added new purchases of his own and carried on the business for a short period, paying a part of the notes and ultimately winding up with a loss of $1,247.60 to himself. I do not gather from the papers, that of this loss more than $500 at the outside, was for payments on the notes ; that is to say, he did not pay much, if anything, over a fourth

Matter of Coffin.

of the thirty per cent. It would seem, therefore, that at least $700 of the loss was upon the business. The referee charges him with the value of the estate he received from the assignee in the first instance, allowing him nothing for his losses in carrying on the business. This is correct. Had he made a profit in that business he would have been chargeable with that profit in addition to the value of the assigned estate, but he is not to be allowed his losses on the experiment. On the other hand he is not chargeable with the gross receipts of the business without regard to the cost of carrying it on. If he speculated and lost, he is chargeable only with the full value of the assets originally received, and allowed only the expenses of getting them in. This the referee has found, and his report should be confirmed.

The petitioners are entitled to be paid only the proportion they, in common with all the creditors, would have received of those assets, had no composition been made. This is found by the referee to be a less sum than the petitioners have already received, and nothing is therefore due them.

Report confirmed, with $10 costs of motion to assignee against petitioners.

Order accordingly.