IN THE MATTER OF THE GENERAL ASSIGNMENT OF JOHN STOWELL, RUFUS R. STOWELL AND HENRY C. STOWELL TO SAMUEL W. PERRY, FOR THE BENEFIT OF CREDITORS.

*Composition with his creditors by a bankrupt discharges all debts as to him — it does not affect the rights of creditors to property held under a general assignment, executed by him before he was adjudged a bankrupt.*

On June 9, 1876, the firm of Stowell Brothers made a general assignment for the benefit of their creditors, without preference, to one Perry, who qualified and acted as assignee, receiving property of the assignors of the value of $17,054.12. This property the assignee subsequently turned over to the assignors, pursuant to an order made by the United States District Court for the northern district of New York, on April 26, 1879, in proceedings in bankruptcy instituted in 1878, in which Stowell Brothers were, on their own petition, adjudged bankrupts. The order affirmed a composition made by them with their creditors, under the provisions of the bankrupt act, and provided for the payment of twenty cents on the dollar to all their creditors within thirty days, and directed that, upon such payment being made, the assignee should transfer to the said assignors all assets remaining in his hands. The Stowells paid all their creditors within the thirty days, except a cred-

itor, whose claim amounted to $889.38, who refused to accept the amount due to him under the order when tendered. The name and address of the creditor appeared in the proceedings in the bankruptcy court, and notice of the proceedings had been given to him, but he did not appear therein in any manner.

In proceedings, instituted by this creditor in the County Court, to compel an accounting by the assignee; it was adjudged that the assignee was chargeable with the sum of $17,054.12; that the total amount of the debts proved was $79,756.34, and that the percentage, payable to the creditor on his claim of $889.33, was twenty-one and thirty-eight one-hundredths per cent, and the payment of that amount, with interest thereon from the time when the property was returned to the assignors, was directed to be made by the assignee to such creditor.

*Held*, that the judgment should be affirmed; that a claim made by the creditor that the County Court should have charged the assignee with all the assets that came into his hands, and have based its order of distribution on the debts existing at the time of the order of distribution made on the final accounting of the assignee, could not be sustained.

APPEAL from a final decree of the County Court of Chemung county on a final accounting therein by the executors of a deceased general assignee for the benefit of creditors.

On the 9th day of June, 1876, Stowell Brothers, who were partners, made a general assignment for the benefit of their creditors, without preference, to Samuel W. Perry, who duly qualified as such assignee. Their debts amounted to $79,756.34. In February, 1878, Stowell Brothers were duly adjudged bankrupts, on their own petition. They also duly made a composition with their creditors under the provisions of the bankrupt act, the final order being made by the United States District Court for the northern district of New York, and entered April 26, 1879; it provided for the payment of twenty cents on the dollar, in cash, to all their creditors within thirty days, and further provided that upon such payment being made, the assignee should transfer to the said assignors all assets remaining in his hands. The said court duly confirmed the compromise proposed by the said Stowells and accepted by their creditors and ordered the same to be recorded. The Stowells paid all their creditors within the thirty days as provided in said final order, except Fraser, Bell and Loughran. A tender was made to them of the amount due to them under said final order, but they refused to receive the same. Their names, address and amount of their claim, appeared properly in the statement of the creditors of such bankrupts, in the composition proceedings in the bankruptcy

court, and they had notice thereof, and of the bankruptcy proceedings, but did not appear in said proceedings in any manner. Their claim against the Stowells amounted to $889.33.

On the 10th day of April, 1879, at the instance of said Fraser, Bell and Loughran, the said assignee was required by the County Court of Chemung county to account as such assignee, and he made and filed an account. Thereafter he was required to file a further account, but before such account was filed he died, and the above-named respondents became his executors, and were duly substituted in his stead herein. They as such executors filed a further account by which it appeared that at the time said assignee turned over to the assignors the property of the assigned estate, pursuant to the order made in the bankruptcy proceedings, the trust property belonging to the creditors of such assignee, amounted to $17,054.12, which he turned over to said assignors pursuant to said order. The debts proved against said estate pursuant to notice to present claims duly published by the assignee amounted to $79,756.34. On the accounting before said County Court it was adjudged that the assignee was chargeable with the sum of $17,054.12, that the total amount of the debts proved was $79,756.34; that the amount of the plaintiff's debt was $889.33; that the percentage payable to the appellant thereon was twenty-one and thirty-eight one hundredths per cent; that the amount to which the appellants were entitled when the property was returned to the assignors was the sum of $190.15; that the interest from that time until the date of such final decree, at six per cent, was the sum of seventy-nine dollars and eighty-five cents; that the total sum to which the appellants were entitled was the sum of $270. And it was ordered and decreed by said court that the respondents should pay to the appellants or their attorney the sum of $270, upon the service of a copy of such order or decree. From this decree the appellants appealed.

*Rosewell R. Moss*, for the appellants.

*G. L. Smith*, for the responden

MARTIN, J.:

The composition of Stowell Brothers with their creditors, under the regulations and supervision of the bankruptcy court, absolutely

discharged the debts of all their creditors, whose names and debts were placed in the statement produced at the meeting of creditors and no other discharge was needed. (*Re Becket*, 2 Woods 173, 12 Nat. Bankruptcy Reg., 201.) A resolution of composition duly ratified confines the secured creditor to his security and discharges the debtor from personal liability for the secured debt. (*Re Lytle*, 14 Nat. Bankruptcy Reg., 457 ; *Matter of Stowell*, 16 Abb. N. C., 94.)

The appellants have no debt against the assignors. Their only existing claim rests upon such rights as they acquired under the general assignment of Stowell Brothers. By that assignment their creditors acquired the right to have the assigned property applied by the assignee to their debts *pro rata*. That right was absolute. The Stowells could not deprive any creditor of that right, nor could one creditor deprive another. (*Matter of Stowell*, 26 Hun, 260.)

The appellant's claim to be entitled to their whole debt notwithstanding the fact that the assignee under the direction of the bankruptcy court, surrendered the whole assigned estate to the assignors, upon their composition with their creditors ; and notwithstanding the further fact that when such composition and surrender were made they were entitled under the assignment, to only about twenty-one per cent of their debt. Their contention is that the County Court should have charged the respondents with all the assets that came into the hands of the assignee, and then based its order of distribution on the debts existing at the time of the distribution. We do not think these claims can be sustained.

As we have already seen there were no debts of the assignors at the time the order of distribution was made. They had been discharged, and hence the court could not make them a basis of an order of distribution. When Stowell Brothers made a composition with their creditors, the appellants' interest in the trust fund extended only to their *pro rata* share. Their debts did not survive the composition. Their then acquired interest in the trust fund alone survived. The measure of the assignee's liability to them was the interest of the appellants in that fund at the time of the composition. All the other creditors consented that their interests should be transferred to the assignors in consideration of their composition with their creditors. That transferred nothing to the appellants. They in no way succeeded to the rights of the other creditors.

The appellants, on the final accounting, were entitled only to the proportion they, in common with all the creditors, would have received of the assets had no composition been made. (*Matter of Orsor*, 10 Daly, 26.)

The decree appealed from awards to the appellants all they are entitled to. It was proper and should be affirmed, with costs against the appellants.

Hardin, P. J. and Follett, J., concurred.

Decree of the county judge of Chemung county affirmed, with costs.