---

### In re HALE et al.

(District Court, E. D. North Carolina. February 21, 1901.)

BANKRUPTCY—PARTNERSHIP—DISCHARGE OF PARTNERS.

Where a petition in involuntary bankruptcy was filed against persons named as partners, constituting a firm, alleging as acts of bankruptcy a transfer of property and a general assignment made by the firm, but no act of bankruptcy on the part of the individual partners, and the entire proceedings, aside from clerical errors in the record of the court, show that the adjudication and proceedings related solely to the partnership as a legal entity, the court cannot grant a discharge to the partners as individuals.

In Bankruptcy. On petition for discharge.

T. N. Hill, for bankrupt.
Day & Bell, for creditors.

PURNELL, District Judge. The firm of Hale Bros., engaged in a general mercantile business, having two stores,—one at Halifax and one at Tillery, in Halifax county. The firm was composed of L. H. Hale and Mary C. Hale. B. H. Hale, husband of Mary C. Hale, managed the business at Tillery. The same is now before me on a petition for final discharge, and objections thereto. An examination of the record shows the following facts: March 20, 1899, petition filed, "L. H. Hale and Mary C. Hale, Partners Trading as Hale Bros." Petitioners are creditors of Hale Bros. Hale Bros. insolvent, and Hale Bros. committed an act of bankruptcy. Prayer, that L. H. Hale and Mary C. Hale, partners trading as Hale Bros., be adjudged bankrupt. March 21, 1899, subpœna issued to L. H. Hale and Mary C. Hale, partners trading as Hale Bros. April 20, 1899, adjudication adjudging L. H. Hale and Mary C. Hale bankrupts. Partnership not mentioned. Order of reference same day, L. H. Hale and Mary C. Hale having been adjudged bankrupt. June 13, 1899, trustee elected by creditors of Hale Bros. July 24, 1899, trustee's bond filed as trustee of Hale Bros. July 24, 1899, petition for discharge of L. H. Hale and Mary C. Hale "from debts provable against his estate." No reference to partnership or firm, except in title, and signed by individuals. August 21, 1899, objections to discharge filed, because said bankrupts failed to keep books of account or records from which their true condition might be ascertained; alleging frauds, but not charging an offense punishable by imprisonment under the act. January 11, 1901, application for hearing by the judge, and order setting down petition for discharge for hearing February 11, 1901, when the same was heard, counsel pro and con being present. Depositions read and cause heard. Answer to objections filed on same day of hearing. Order by referee on referee's book of proceedings authorizing and directing trustee to enter suits to recover assets of bankrupts. The

schedules are signed by L. H. Hale for Hale Bros., and show debts amounting to $10,526.66. No property of the individual members of the partnership is included in the schedules, or claims against them proved.

The depositions taken are voluminous. It is not deemed necessary to go into a full consideration of the questions raised or discussed at present. On November 25, 1898, the stock of goods at Tillery was sold, and the bill of sale therefor was registered with the general assignment dated November 30, 1898,—the act of bankruptcy set out in the petition. Both of these instruments were within four months of the adjudication, and void, not because of the frauds alleged and argued, but because the act of congress makes them void. Being void, no rights or property were acquired under or by virtue of either. The record shows the referee on the 29th day of July, 1899, entered an order authorizing and directing the trustee to enter such suits as he was advised were necessary to collect the assets of the bankrupt firm, but the record is incomplete and unsatisfactory. The reports of the trustee required by the bankruptcy act are not in the record, and the court is not informed as to what has been done, except that suits are now pending in the state courts. But the court is not informed as to the nature of these suits, nor is it deemed essential to inquire at this time. There will probably be other hearings in the cause.

It will be noted in the record that all the proceedings have been against the legal entity of Hale Bros., or L. H. Hale and Mary C. Hale trading as Hale Bros. The act contemplates the distinction between partnerships as legal entities and the members of such firm. In re Meyer, 39 C. C. A. 368, 98 Fed. 976, 3 Am. Bankr. R. 559; Strause v. Hooper (D. C.) 105 Fed. 590, and authorities cited; In re Barden (D. C.) 101 Fed. 553. There is no allegation that L. H. Hale and Mary C. Hale have, as individuals, committed any act of bankruptcy, and there is nothing in the record for which they could, as individuals, in an involuntary proceeding, be adjudged bankrupts. The proceeding is against Hale Bros. The creditors of Hale Bros. elected a trustee, the estate of Hale Bros. is in the hands of the trustee, and the proceeding has been treated by all parties interested—creditors, attorneys, and the members of the bankrupt partnership—as against the partnership of Hale Bros.; but L. H. Hale and Mary C. Hale, trading as Hale Bros., have not within the year filed a petition for discharge. Many of the papers are loosely drawn, including the order of adjudication; but the error in this order is manifestly clerical, and all orders, being in the breast of the court, may and will now be amended to conform to the proceedings and evident intention of all the parties interested. This, being an error in the record, may and should be corrected when discovered. The petition for discharge is an act of the parties or their attorneys, and, while mistakes in pleadings of all kinds may be corrected on proper application in apt time, courts do not make corrections ex mero motu.

It is therefore ordered, adjudged, and decreed: (1) That L. H. Hale and Mary C. Hale, as individuals, are not entitled to a discharge in bankruptcy; and the petition filed for discharge herein is dismissed. (2) That the order of adjudication made on the 29th day of April,

107 F.—28

1899, be, and the same is hereby, amended to conform to the petition and proceedings, by adding after the names of L. H. Hale and Mary C. Hale the words "trading as Hale Bros., or under the firm name of Hale Bros." (3) The referee to whom this cause was referred having gone out of office, the cause is referred to Victor H. Boyden, referee in bankruptcy of the Fifth division of the Eastern district of North Carolina, to whom the trustee will make reports as required by law. And this cause is held for further order.