# IN THE MATTER OF JOSÉ VILLA ESPITERY, ETC., Bankrupt.

San Juan, Bankruptcy, No. 83.

RE APPLICATION FOR DISCHARGE.

Bankruptcy—Trustee and Bankrupt.
    1. The decision of the court in a matter between the trustee and an alleged creditor is not binding upon the bankrupt himself unless a party to the suit.

Discharge—Follows Adjudication.
    2. The discharge must be of the bankrupt as duly described in the adjudication. It will follow the prior proceedings in the case.

In the Matter of Espitery.

Bankruptcy—Amendment.

> 3. The power of amendment extends to corrections of error, insufficiency, and uncertainty, and covers insertion of material averments at any stage before judgment. It applies to petitions for discharge, but where time to file objections has expired will be allowed only where there is record evidence to justify it. Amendment will be allowed which makes the application conform to the other proceedings in the case.

Amendment—Adjudication.

> 4. Where an amendment of the application for discharge is made at the hearing, the adjudication will be reset for a future date so as to give contesting creditors right to oppose it.

Opinion filed February 5, 1915.

---

*Messrs. Martinez & Iriarte* for petitioner.

*Messrs. Savage & Francis* for creditors.

HAMILTON, Judge, delivered the following opinion:

The proceedings heretofore had in this cause have been for and against the bankrupt under the name of "José Villa Espitery doing business under the firm name of Sucesores de G. Rodriguez & Company." The adjudication was in this name May 27, 1913. Enrique Cerecedo duly qualified as trustee, and as such filed a suit against José Maria Calderón as special partner, and recovered a verdict and judgment therein for $2,731.82. After obtaining leave therefor, a petition for discharge was filed August 19, 1914, in the usual form by "José Villa Espitery, Bankrupt." The referee certifies on January 4, 1915, that due notice was given by mail and publication. Thereupon, on January 18, 1915, Calderón files

### In the Matter of Espitery.

an opposition to the discharge on the two grounds, first, that the petition was not filed within the period prescribed by law, and, "second, that José Villa Espitery is not individually bankrupt, inasmuch as the bankrupt in this case is the entity known as Sucesores de G. Rodriguez & Company, and consequently José Villa Espitery is not entitled to a discharge."

The first ground having been previously disposed of, on the hearing the petitioner asking leave to amend by adding, after his name wherever it occurs in the petition for discharge, the words, "doing business under the firm name of Sucesores de G. Rodriguez & Company." The motion to amend and the petition to discharge were argued, and have been submitted to the court.

1. It is argued on behalf of Calderón that this court has, in the suit of the trustee Cerecedo against him, decided that the bankruptcy herein is of the partnership, and not of the individual. This is true, but, nevertheless, the decision of the court was not binding upon José Villa Espitery, for it was made in a case to which he was not a party. He would have the right to claim, and show if he could, that the bankruptcy proceedings should be construed as running against him individually. He being now in court, the matter can be adjudicated so as to bind him also, and the court will construe, and does now construe, the proceedings in the same manner in which the court construed them in the suit by the trustee against Calderón. That is to say, as previously decided by this court, the bankrupt was the firm.

2. There is no question that the discharge must be that of the person who was adjudicated a bankrupt. There are some cases in which a personal bankruptcy of partners may

be. combined with that of the partnership, but this was not the course of the proceeding here. The application and all the proceedings have been in the name of "José Villa Espitery doing business under the firm name of Sucesores de G. Rodriguez & Company." This was conceded upon the argument.

3. The petitioner seeks to conform to this rule by amending his petition so as to make it in the words of the adjudication. The point is made, however, that it is now too late to do this; that when the court gave him leave after the expiration of the twelve months to file a petition for discharge, the court exhausted its jurisdiction, and now, more than six months after the twelve months from adjudication, is without power to allow the proceeding to be amended so as to be on behalf of the firm. It is conceded that the court would not have the power, and certainly not the wish, to permit the initiation now of a petition for discharge. The case at present, however, is not one of initiating a new proceeding, but that of amending a petition already properly filed in time. This brings up the question of the power of the court in regard to amendments.

General Order 11 provides: "The court may allow amendments to the petition and schedules on application of the petitioner. Amendments shall be printed or written, signed and verified, like original petitions and schedules. If amendments are made to separate schedules, the same must be made separately, with proper references. In the application for leave to amend, the petitioner shall state the cause of the error in the paper originally filed."

The power of amendment extends to corrections of error, insufficiency, and uncertainty. Re Stevenson, 94 Fed. 110. It is not confined to niceties of diction and formal matters,

VII. Porto Rico—32.

In the Matter of Espitery.

but embraces the insertion of material averments in any stage of the proceedings before judgment. Re Mackey, 110 Fed. 355, 362. This general order relates to petition and schedules, and was not intended to restrict the general power of amendment vested in the court in other respects. The same liberality in respect to amendments to petitions for discharge should be permitted as in other petitions in bankruptcy. Collier, Bankr. 10th ed. 320. There is, of course, the limitation that, where time to file objections has expired, an amendment in matter of substance is allowable only where there is already record evidence to justify it, somewhat on the principle of a court order *nunc pro tunc*. Re Gift, 130 Fed. 230, 231. This, however, does not apply in the case at bar, as the creditor can make any objection now that he could have made when the petition was originally filed.

It seems to the court that the amendment is more one of amplification or construction than of anything else, and conforms to the principles of Re Hale, 107 Fed. 432. There, was irregularity in the journal entries and it was necessary for the court to construe, near the end of the case, whether the proceeding was against the firm or against the partners individually. The court decided that the order of adjudication almost two years before could be amended so as to add after the name of the individuals the words, "trading as Hale Brothers, or under the firm name of Hale Brothers." The motion at bar is for leave to insert words which make the application conform to the other proceedings in the case, and the court feels that, under the above arguments, it has the power to allow the amendment, and that it should be allowed.

4. Treating the application as thus amended, it conforms

· In the Matter of Espitery.

to the adjudication. Although no application is made for extension of time, it may well be that such an amendment made upon the hearing is unexpected, and no general order of discharge will be made at this time. The matter of adjudication is reset for ten days from this date, with leave to the contesting creditor to file any further grounds of opposition, based upon the facts, but not upon the law of the case. If no such grounds are filed within said period, the clerk will then enter without more an order of discharge to José Villa Espitery doing business under the firm name of Sucesores de G. Rodriguez & Company.

It is ordered that the amendment is allowed, and the case reset as above.