WM. R. MOORE DRY GOODS COMPANY *v*. FORD.

Opinion delivered November 22, 1920.

1. PLEADING—DEFECTIVE STATEMENT—REMEDY.—It is no ground for demurrer that a cause of action is defectively stated; the remedy therefor being a motion to make more definite and certain.

2. CREDITOR'S SUIT—DEMURRER.—A complaint seeking to subject to plaintiff's judgments property which the judgment-debtor is alleged to have fraudulently conveyed to his wife in fraud of creditors is not demurrable for failure to state what the property is and how it was acquired.

3. BANKRUPTCY—DISCHARGE OF PARTNERSHIP.—A discharge in bankruptcy of a partnership in which the individual members are not adjudicated bankrupts has no effect upon the individual liability of such members.

4. CREDITOR'S SUIT—UNCOVERING PERSONALTY.—A creditor's bill may be brought to uncover personal as well as real property.

5. CREDITOR'S SUIT—PARTIES.—A creditor's bill may be brought by a creditor for the benefit of himself and all other creditors, or all the creditors may join in a single suit.

Appeal from Lafayette Chancery Court; *James M. Barker*, Chancellor; reversed.

*King & Whatley*, for appellants.

The chancery court erred in sustaining the demurrer and redering judgment against appellants. The appellants stated a cause of action and it was error to sustain the demurrer. Courts of equity can tell molasses from whiskey and can see fraud. The individual members of the firm of Ford & Wheeler did not obtain a discharge in bankruptcy from their individual debts and were liable for their individual debts.

SMITH, J. Appellants filed in the Lafayette Chancery Court the following complaint:

"In the Lafayette Chancery Court. Wm. R. Moore Dry Goods Company and Stephen Putney Shoe Company, Plaintiffs, v. W. H. Ford and Mrs. Alta M. Ford, Defendants. Nos. 1614, 1635.

"COMPLAINT.

"1. The plaintiff, Wm. R. Moore Dry Goods Company, a corporation organized under the laws of Tennessee, doing business at Memphis, Tennessee, states that on the 28th day of April, 1916, it filed a suit in this court against the defendant, No. 1614, to subject their property to a judgment in the Lafayette Circuit Court, rendered on February 22, 1916, for $727.24, bearing six per cent. interest from date, with costs against W. H. Ford, one of the defendants. Said judgment is in Record Book 15 of the circuit court records of Lafayette County, Arkansas, on page 188.

"2. On said 28th day of April, 1916, Stephen Putney Shoe Company, a corporation doing business at Richmond, Va., filed suit in this court against the defendants, numbered 1635, to subject their property to a

judgment of the Lafayette Circuit Court for $173.20, rendered on February 22, 1916, bearing six per cent. interest from date, with costs against W. H. Ford and H. L. Wheeler. Said judgment is in Record Book 15, page 187, of the circuit court records of Lafayette County, Arkansas.

"3. At a subsequent term of this Honorable Court, the said two cases were consolidated and continued from time to time, until November 20, 1918, when said suit was by this Honorable Court dismissed without prejudice.

"4. Said judgments have not been settled as promised by W. H. Ford, and the lien has been revived.

"5. Plaintiffs state that all the property owned and controlled by Mrs. Alta H. Ford came to her through her husband, W. H. Ford.

"6. On or about January 1, 1915, W. H. Ford was in the mercantile business in Lewisville, Arkansas. He had several thousand dollars worth of goods; he took in, as an equal partner, H. L. Wheeler, who put in $500 cash, and continued the business under the firm name of Ford & Wheeler until July, when the firm filed a petition in voluntary bankruptcy. The bankrupt firm of Ford & Wheeler was declared bankrupt, and the first meeting of the creditors was held on July 6, 1915. That part of the stock of goods that remained in the store was advertised and sold by the trustee in bankruptcy. Neither of the firm filed individual petition nor did either of them ask for a discharge, and it was afterward disclosed that a large portion of the goods was taken out of the stock of goods and disposed of by the bankrupts, in fraud of creditors.

"7. That W. H. Ford has been doing business in his wife's name, since his petition in bankruptcy, to defraud the plaintiffs and avoid payments of said judgments.

"8. That statements were made to obtain credit with A. M. Ford, as owner of real estate, to Stephen Putney Shoe Company, to obtain credit for Ford & Wheeler, and, upon the strength of said statements, Ford

& Wheeler obtained credit from Stephen Putney Shoe Company, for which judgment in its favor was obtained.

"Therefore, this suit being brought within twelve months from the dismissal, or nonsuit, of the said consolidated causes, plaintiffs pray this Honorable Court, after hearing the evidence, to render a decree subjecting the property of both the defendants to satisfy said judgments, and all other proper and adequate relief."

A demurrer was filed to this complaint on the ground, first, that there was a misjoinder of parties plaintiff; second, because no facts sufficient to state a cause of action are set out therein. The demurrer was sustained, and, as plaintiff refused to plead further, the complaint was dismissed, and this appeal is from that decree.

Disposing of the grounds of demurrer in reverse order, it may be said that it is no ground for demurrer that a cause of action is defectively stated, if one is stated at all. The appropriate motion in such case is one to make definite and certain. We said, in the case of *Citizens Bank of Mammoth Spring* v. *Commercial National Bank,* 107 Ark. 142, that, although the material allegations of a complaint are ambiguous and uncertain, if the inference may be drawn therefrom by a fair intendment that facts exist sufficient to constitute a cause of action, the defect must be corrected by motion to make more definite and certain, and not by demurrer. We have many cases to that effect.

We gather from the allegations of the complaint, that the plaintiffs had obtained judgments at law, which they could not enforce against W. H. Ford and H. L. Wheeler. That the firm of Ford & Wheeler obtained a discharge in bankruptcy, but the individual members thereof did not. That Mrs. Ford, the wife of W. H. Ford, owns and controls the property which came to her through her husband, and that she had acquired this property in fraud of creditors. The complaint does not state specifically what this property was, nor how it was acquired; but these were allegations to have been reached by motion to make definite and certain.

The complaint contains the affirmative allegation that individual partners composing the firm of Ford & Wheeler did not obtain a discharge in bankruptcy. There appears to be a conflict in the authorities as to the effect of the discharge of a partnership on the liability of the individual partners. A recent case which reviews the authorities on the subject is that of *Horner* v. *Hamner,* 249 Fed. 134, decided by the Court of Appeals of the Fourth Circuit. Among other cases there cited is that of *Francis* v. *McNeal,* 228 U. S. 695. The Court of Appeals held that the discharge of a partnership has no effect upon the individual liability of the partners. It was there stated that "it has been uniformly held that, in a proceeding by a partnership, in which the individuals are not adjudicated bankrupt, they are not entitled to a discharge." See, also, *Armstrong* v. *Norris,* 247 Fed. 253.

The suit was, therefore, in the nature of a creditor's bill to uncover property, and such a suit may be brought to uncover personal property as well as real property. *Bob, alias Robert Crow* v. *Powers,* 19 Ark. 442; 8 R. C. L., page 6; 15 C. J., page 1401. See, also, cases in note to the case of *Harris* v. *Beasley,* 32 A. & E. Ann. Cas. 949.

If the suit was in the nature of a creditor's bill, it was not improper for more than one creditor to sue. A creditor may sue for the benefit of himself and all other creditors, or all the creditors may join in a single suit. There was, therefore, no misjoinder of parties plaintiff.

It follows, therefore, that the demurrer should not have been sustained, and the decree dismissing the complaint will be reversed, and the cause will be remanded with directions to treat the demurrer as a motion to make the complaint more specific and to require of plaintiffs that this be done.

McCULLOCH, C. J. (dissenting). I fail to discover a single allegation of the complaint which constitutes a cause of action against the defendant, Alta M. Ford. It is not an instance of imperfect or indefinite statement of a cause of action. The prayer of the complaint is that a

decree be rendered "subjecting the property of both the defendants to satisfy said judgments," but no property is described in the complaint or even mentioned except in the vague statements in paragraph 5 that "all of the property owned and controlled by Mrs. Alta M. Ford came to her through her husband." There is no allegation as to how or when or under what circumstances property came to Mrs. Ford from her husband nor what property so came to her. The allegation in paragraph 7 that "W. H. Ford has been doing business in his wife's name since his petition in bankruptcy to defraud the plaintiffs and avoid payment of said judgments," amounts to nothing at all in the absence of statements of other facts essential to a cause of action. No cause of action is stated even against W. H. Ford except for recovery of judgment at law on the former judgment against him.