CURLEE CLOTHING COMPANY *v.* HAMM.

Opinion delivered October 22, 1923.

1. BANKRUPTCY—DISCHARGE OF PARTNERSHIP.—Where a bankruptcy proceeding was against a partnership and the members thereof as partners, but not individually, and subsequently a composition was offered to and accepted by the firm creditors only, and the schedule of assets embraced only partnership property, an order of discharge of the members from their individual indebtedness is broader than the record, and it did not operate to discharge the members from their individual liability.

2. BANKRUPTCY—LANGUAGE OF ORDER BROADER THAN RECORD.—Where an order confirming a composition agreement with a partnership contains language purporting also to discharge the individual members from individual indebtedness, the order being broader than the record upon which it is based, such language is regarded as surplusage.

3. PARTNERSHIP—INDIVIDUAL LIABILITY FOR FIRM DEBTS.— In every general partnership obligation, an individual as well as joint liability of the several partners attaches, and each partner is personally liable for the entire indebtedness of the partnership.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*I. J. Friedman* and *Rogers Barber & Henry* for appellants.

The bankruptcy act of 1898 permits the adjudication of the partnership as an entity, as distinguished from the individuals composing it. 162 C. C. A. 178, 250 Fed. 6, 251 U. S. 239. There is no distinction in bankruptcy between joint and several obligations. 38 Am. B. Rep. 6; bankrupt act § 16a. The liability of a partner for debts of the firm in primary and direct, and is not collateral. 3 R. C. L. 318. The signatures of the individuals in addition to that of the firm served to bind them as sureties for the partnership debt, and the case falls in the same class as the case at 122 Ark. 316. The composition was offered to the partnership creditors alone. No proceedings were filed against appellee and no adjudication against him as a bankrupt was had. The certificate of discharge could go no further than the record upon which it was made. 183 Fed. 144; 7 C. J.

368. The discharge of appellee from liability as a member of his firm did not serve to release him on his liability as a surety. 73 Ark. 480. There is no distinction between this debt and other personal debts. 247 Fed. 667; 248 U. S. 567, 63 L. ed. 425. See also 250 Fed. 6, 251 U. S. 239, 40 S. C. R. 135.

*Starbird & Starbird,* for appellee.

Neither the bankrupt act nor Federal decisions under it work any change in the established rules fixing the substantive rights of the creditors, respectively, of the partnership or its individual members. 184 Fed. R. 224. There is no evidence to show that this was an individual obligation, and the trial court held against such contention. Its finding on a question of fact is conclusive when supported by any evidence. 149 Ark. 517. If a partnership transaction, then the note is a partnership note, though signed by the individual partners. 73 Ark. 480. The signature of the individual partners made them no more liable than if the partnership name had alone been signed. Lindley on Partnership, 256; 3 R. C. L. 318. The order confirming the composition released the Hamm Company and the individuals from further liability. U. S. Comp. Stat. § 9598-C .

HUMPHREYS, J. The question presented for determination on this appeal is whether a discharge in bankruptcy of a partnership works a discharge of the individual members thereof from the partnership debts. Each of the appellants brought suit against appellee in the Crawford Circuit Court upon a note signed by The Hamm Company and by Dix Hamm, who is the appellee.

To each of the suits appellee interposed the defense that he had been released from the payment of the notes by an offer and acceptance of a composition in the bankruptcy proceedings in the United States District Court for the Western District of Arkansas against the Hamm Company, a copartnership composed of Dix Hamm, Garland Hamm and Fred Hamm, and the individual members thereof. He alleged in his answer that both

the partnership and the individual members thereof were adjudged bankrupts, and that the composition, offered and accepted and afterwards approved by said United States District Court, was in full satisfaction of all claims against said firm and the individual members thereof on account of the indebtedness of said copartnership debts.

At the suggestion of the court, and by the consent of the parties, the causes were consolidated and tried on an agreed statement of facts, which resulted in judgments in favor of appellee, from which is this appeal. The agreed statement of facts contained the complete record of the bankruptcy proceeding of the Hamm Company *et al.* in the United States District Court for the Western District of Arkansas, and the following stipulations:

"1.    That the notes in each of the cases in suit were given to pay for goods bought for use in the partnership business.

"2.    That the twenty per cent. composition was paid on debts of the Hamm Company, and no part of this twenty per cent. was paid to creditors of the individual partners.    That each of the plaintiffs received twenty per cent. composition on each of the notes sued on."

We deem it unnecessary to set out the bankruptcy proceedings in full.    To do so would unduly extend this opinion.    Suffice it to say that we have carefully examined the exhibits of the record of the bankrupt proceeding, made a part of the agreed statement of facts, and the examination reveals that the proceeding was against the Hamm Company and the individuals thereof as partners.    The composition was offered to the firm creditors only, and not to the individual creditors of the members thereof.    It was accepted by the firm creditors only.    The notes given were to the firm, and not to the individual creditors or the members thereof.    The schedule of assets embraced the property of the partnership only.    No schedule was signed by the several members of the partnership embracing their individual estate

as distinguished from the partnership estate. There is language in the order confirming the composition which purports to discharge the individual members of the firm from their individual indebtedness, but it must be regarded surplusage, for the order is broader than the record upon which it is based. 7 C. J. 368; *In re Neyland* v. *M'Keithen,* 184 Fed. 144. There is combined in every general partnership obligation in this State an individual as well as a joint liability of the several partners. In every general partnership each party is personally liable for the entire indebtedness of the partnership. The fact that appellee signed the notes sued upon individually did not enlarge his liability. He was individually liable whether he signed the notes or not, same being partnership obligations. In this view we deem it unnecessary to discuss the question raised by appellant of the entity of the partnership as distinguished from the individuals composing it. This brings us to the determination of the question of law involved, that is to say, whether the discharge in bankruptcy of the partnership releases the individual members thereof from paying the partnership debts. Our answer is that it does not, unless, in the adjudication of the partnership as a bankrupt, the individual members thereof were adjudged bankrupts. This could only be accomplished in the same proceeding by bringing in the individual creditors and individual assets of the copartners. This court ruled, in the case of *William R. Moore Dry Goods Co.* v. *Ford,* 146 Ark. 227 (quoting syllabus three), "a discharge in bankruptcy of a partnership in which the individual members are not adjudicated bankrupts has no effect upon the individual liability of such members." In support of the rule announced, the writer of that opinion cited *Armstrong* v. *Norris,* 247 Fed. 253; *Horner* v. *Hamner,* 249 Fed. 134; *Francis* v. *McNeal,* 228 U. S. 695.

For the error indicated the judgments are reversed, and judgments are directed to be entered here for appellants for the several amounts due them.