BLOYD *v.* WILLIAMS-ECHOLS DRY GOODS COMPANY.

Opinion delivered February 16, 1925.

BANKRUPTCY—DISCHARGE OF FIRM—EFFECT AS TO MEMBER.—Discharge of a partnership in a bankruptcy proceeding will not operate to discharge a member of such firm from liability for the firm debts where he was not adjudicated a bankrupt and discharged as an individual.

Appeal from Washington Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

*John Mayes* and *W. N. Ivie,* for appellant.

The case of *Young* v. *Stevenson,* 73 Ark. 480, which is on "all fours" with the present case as appears by the agreed statement, has settled the question here involved in favor of appellant. The case of *Curlee Clothing Co.* v. *Hamm,* 160 Ark. 483, we think, was not intended to change the rule of law established by the first-mentioned case, and it should be distinguished or even overruled, in so far as it is in conflict with the *Young* case, because the *Young* case is correct, and has become a rule of property by its long standing. 139 Ark. 130; 152 Ark. 276; 228 U. S. 695; 247 Fed. 253; 265 Ill. 285, L. R. A. (N. S.) 1915-F, 688 and footnote.

*Daily & Woods* and *C. D. Atkinson,* for appellee.

The rule of law controlling in this case no longer has its basis on *Young* v. *Stevenson,* 73 Ark. 480, if it ever had, but on *Moore Dry Goods Co.* v. *Ford,* 146 Ark. 227, and *Curlee Clothing Co.* v. *Hamm,* 160 Ark. 483, which later cases are in conformity with the weight of the decisions. 19 A. B. R. 577; 247 Fed. 253; 57 L. ed. (U. S.) 1029; 249 Fed. 134; 215 Fed. 845; 247 Fed. 253; 15 A. B. R. 542; 17 A. B. R. 331; 3 A. B. R. 1; 68 L ed (U S.) 364.

WOOD, J. The appellant and one C. A. Wilson were the only members of a firm or partnership doing a mercantile business at Addielee, Oklahoma, under the firm name and style of Valley Trading Company. The appellee instituted this action against the appellant and Wilson, alleging that they were indebted to it in the sum of

$1,418.70 on an open account for merchandise, and that appellant and Wilson were indebted to appellee in other sums which were duly asigned to the appellee, amounting in the aggregate to $3,029.07; that appellant had made fraudulent conveyances of lands in Washington County to defraud appellee, and that Wilson, the other partner, had been adjudicated a bankrupt on or about the first of April, 1922, and that all of his individual assets had been administered or were in the process of being administered in bankruptcy. Appellee prayed judgment against the appellant and C. A. Wilson in the sum of $3,029.07, and asked that the conveyances of the lands be set aside for fraud, and that appellee have a lien upon them for its debt.

It was admitted in the answer that Wilson had been adjudicated a bankrupt, and that all of his individual assets had been administered, or were in the process of being administered, in bankruptcy, and it was admitted that the Valley Trading Company had been adjudicated a bankrupt, and that a distribution had been made of all of its assets, as alleged in the complaint, and that the Valley Trading Company had been discharged from all its debts in such bankruptcy proceedings, and it was alleged that the appellee and each of its assignors, as creditors, were duly notified of the bankruptcy proceedings, and had filed their claims in bankruptcy, which had been duly allowed, and which had received the dividends allowed to the creditors of the bankrupt estate, and that each of said claims upon which this action was founded had been fully discharged in such bankruptcy proceedings. The appellee, by permission of the court, moved to strike from the answer of the appellant the paragraph which set up that the discharge in bankruptcy of the Valley Trading Company was a complete defense to the action.

The cause was heard upon the pleadings and the agreed statement of facts relating to the issue as to whether the discharge in bankruptcy of the partnership was a defense to the action against the appellant. The

court found that the discharge in bankruptcy of the partnership, Valley Trading Company, was not a defense to the action against appellant Bloyd, and entered a decree in favor of the appellee against the appellant Bloyd for the amount claimed by the appellee, from which decree is this appeal.

The only question presented by this appeal, as set forth in the pleadings and proof in the agreed statement of facts, is whether or not the discharge in bankruptcy of a partnership operates as a discharge of the individual members of the partnership who were not, as individuals, adjudicated and discharged as bankrupts from individual liability for the debts of the partnership. The appellant contends that the adjudication in bankruptcy of the partnership and a discharge of the partnership from all debts likewise discharged the appellant, as a member of the firm, from his individual liability for the partnership debts. To support this contention, he relies upon the case of *Young* v. *Stevenson,* 73 Ark. 480. The facts in that case, as stated by the court, were as follows:

"This is an appeal from a judgment quashing a writ of execution sued out by appellant against appellee on a judgment rendered by a justice of the peace, and afterwards filed in the circuit court. The judgment was against appellee Stevenson and Munder, upon notes executed to appellant, and signed individually by each, and upon an account for money paid by appellant for appellee and Munder. Subsequently to the rendition of this judgment, appellee and Munder as partners, and Munder individually, filed their petition in bankruptcy in the District Court of the United States for the Western District of Arkansas, and scheduled the Young judgment among their partnership debts; and notice was given to appellant, according to the practice under the bankrupt act of Congress, but he did not appear and prove his claim against the estate of the bankrupts. Appellee joined in the petition in bankruptcy as a member of the firm, praying for a discharge from the partnership debts, but did not schedule any separate individual

debts or assets, nor ask for a discharge from his individual debts. And an order was entered in due form discharging the firm of Munder & Stevenson, composed of Millie Munder and W. H. Stevenson, 'from all debts and claims which are made provable by the acts of Congress against its estate, and existing on the date of the filing of the petition in bankruptcy.' The execution was issued after the discharge in bankruptcy, and appellee filed his motion to quash on the ground that the judgment was a partnership debt of the firm of Munder & Stevenson.''

Upon the above facts, the court held that ''the effect of the discharge in bankruptcy was to release the members of the firm, individually and as partners, from all the provable debts of the firm, save those specially excepted by the terms of the statute, such as judgments in actions for fraud or false pretenses, etc. The discharge is the judgment of a court of competent jurisdiction, and cannot be collaterally attacked.''

It will be observed that the facts of the above case of *Young* v. *Stevenson* readily differentiate it from the case at bar. In that case the appellee, one of the partners, joined in the petition in bankruptcy as a member of the firm, praying for a discharge individually from the partnership debts. This petition of the individual partner to be discharged in bankruptcy from liability as an individual for the partnership debts gave the bankruptcy court jurisdiction of the person and the subject-matter of whether or not the individual partner was a bankrupt and the administration of his individual assets as such. The determination of the court that no individual assets had been included in the schedules was held conclusive of that fact. That, in the above case, adjudicated the question of the individual liability of partners for partnership debts, and determined that the discharge in bankruptcy under the pleadings was to release the members of the firm individually from the partnership debts. But to so hold in the case at bar would be beyond the scope of the issue. There is nothing in all this record

to indicate that the bankruptcy court was asked to adjudicate that the partners, as individuals, were bankrupt and to discharge them from individual liability for the partnership debts.

But, if the appellants be correct in their contention that there is no distinction in principle between the facts of this record and the facts of the record in *Young* v. *Stevenson, supra,* then the doctrine of that case is unsound and is overruled by the later cases of *Wm. R. Moore Dry Goods Co.* v. *Ford,* 146 Ark. 227, and *Curlee Clothing Co.* v. *Hamm,* 160 Ark. 483.

In the case of *Wm. R. Moore Dry Goods Co.* v. *Ford, supra,* we said: ''The complaint contains the affirmative allegation that individual partners composing the firm of Ford & Wheeler did not obtain a discharge in bankruptcy. There appears to be a conflict in the authorities as to the effect of the discharge of a partnership on the liability of the individual partners. * * * 'It has been uniformaly held that, in a proceeding by a partnership, in which the individuals are not adjudicated bankrupt, they are not entitled to a discharge.' '' And in the case of *Curlee Clothing Co.* v. *Hamm, supra,* this doctrine is reiterated and followed. To sustain the doctrine announced in the later cases, the following authorities are cited in the opinions: *Armstrong* v. *Norris,* 247 Fed. 253; *Horner* v. *Hanner,* 249 Fed. 134; *Francis* v. *McNeal,* 228 U. S. 695.

It would be supererogation, pure and simple, to enter here upon a review of these cases. In view of the diversity of opinion in the lower Federal courts on the issue as to whether the bankruptcy of a partnership involves an adjudication likewise of the bankruptcy of the individual partners, we shall treat the question as definitely settled in accordance with the doctrine of our own cases, as announced in the cases of *Wm. R. Moore Dry Goods Co.* v. *Ford* and *Curlee Clothing co.* v. *Hamm, supra,* until there shall have been a pronouncement to the contrary by the Supreme Court of the United States, the ultimate authority on the subject. Thus far it seems

there has been no such decision of the Supreme Court of the United States. See *Liberty National Bank* v. *Bear,* 265 U. S. 365, 68 Law. edition, 564.

The decree is therefore correct, and it is affirmed.